Miller vs. Woodard.

. . .

WILLIAM B. MILLER, plaintiff in error, vs. WILLIAM WOOD-ARD, defendant in error.

[1.] The warrant for a survey of land upon an application under the head rights laws of this State, must be sufficiently certain, in its description of the lands to be surveyed, giving " the buttings and boundings," so that the surveyor can identify and enter upon the particular lands to be surveyed from the descrip-tion given in the warrant.

[2.] Upon the trial of a caveat to an application for a grant of lands, in the Superior Court, after the warrant for survey has been rejected by the Court for an insufficient description of the land, under the statute, such application can not be aided or sustained by proof of any external facts, such as that the applicant is in possession of the land surveyed, or that he has, since the issuing of the warrant, obtained a grant for the same land, on a former application, but the whole proceeding should be dismissed.

Caveat to survey and grant of land, in Emanuel Superior Court. Before Judge Holt, at September Term, 1859.

This was an application by William B. Miller, under the head rights laws for a survey and grant of a certain parcel of land in Emanuel county, under a warrant issued by a Justice Court of said county, in favor of Berryman Doughtey, and by Doughtey assigned to Miller. The warrant bears date 4th June, 1853, and authorizes and requires the county surveyor to admeasure and lay out a "tract of land which shall contain one thousand acres in said county, adjoining lands of W. B. Miller and others, taking special care that the same has not heretofore been laid out to any other person or persons," &c. This warrant was assigned and transferred by Doughtey to Miller, 23d August, 1853.

To this application, Woodard entered his caveat and objected to said survey and grant on the grounds:

1st. That the warrant to one Henry Warner, which had been transferred to caveator, for the same land, was of older date than the warrant under which Miller was proceeding.

2d. That Miller had already granted more land than by law he was entitled to grant.

This caveat was traversed by Miller, who answered that said land was his property; and further, that said land was granted to him on the 12th day of December, 1853, it having been surveyed by the county surveyor, the 28th February, 1839, and that he had been in the peaceably and legally acquired possession of the same since that time until the filing of this caveat, and being so in possession he submits and

Miller vs. Woodard.

claims that he has the right to survey and take out a grant for the same, and that caveator has no rights in the premises.

The case being submitted to the jury, caveator moved to strike out all that portion of Miller's answer which relied on his possession and grant to have and maintain his right to said survey and grant, which motion the Court refused.

Counsel for Miller then offered in evidence the warrant under which he had his last survey made, being the warrant issued by the Court of Justices aforesaid. To the introduction of which caveator objected, on the ground that it did not contain a sufficient *description* of the land to be surveyed. The Court sustained the objection and excluded the warrant, and counsel for Miller excepted.

Miller then offered said warrant as color of title, together with proof of possession of the land. Caveator objected. The Court sustained the objection, and excluded the evidence, and counsel for Miller excepted.

Miller then offered in evidence a plat and grant from the State to himself, dated 12th December, 1853, (the warrant dated 7th January, 1839, and surveyed 28th February, 1839,) and which covered the premises in controversy. To the introduction of which caveator objected, and which objection the Court sustained and repelled the testimony, and counsel for Miller excepted.

The Court thereupon dismissed the case, and gave judgment against Miller for the sum of eighty-one dollars and ninety-two cent. costs. To which order and judgment counsel for Miller excepted.

WM. B. GAULDEN, for plaintiff in error.

JOHN SCHLEY, *contra.*

*By the Court.*—LYON J. delivering the opinion.

On the trial of the caveat in the Court below, we think it

was right in rejecting the warrant of survey. The description of the lands intended to be surveyed, as expressed in the warrant, was "a tract of land which shall contain one thousand acres in said county, adjoining lands of W. B. Miller and others." This description was not a sufficient compliance with the Act of 1783, *Cobb's Dig.* 667, requiring that the warrant to survey land under head rights shall describe the buttings and boundings of the land as particularly as may be. The object of the statute was that the warrant should contain such a description of the lands intended to be surveyed as would identify them; that the record to be made by the Clerk of the application, "*specifying the buttings and boundings of the land contained in the same,*" should amount to something more than a mere notice that an application had been made, and a warrant issued; that the record should give such description of the particular lands, for the survey of which the warrant issued, as would give other persons notice of what lands were intended to be surveyed; and of course the record could only follow the warrant. The warrant is an essential link in the chain of events to the obtaining a grant, and the description must be sufficiently certain to enable the surveyor to enter upon the particular tract authorized to be surveyed, and intended to be granted; the description given in this warrant is not sufficient for any purpose; the land to be surveyed adjoins land of W. B. Miller and others. What others? who is in the possession or occupation of any lands that adjoin the tract to be surveyed? This warrant does not show. Concede the fact that Miller owned but one tract, and was in the possession of that, on which side of him does the tract intended to be surveyed lie? Is it north, south, east or west? The warrant is silent. But suppose that Miller owned a dozen or more tracts in different parts of the county, which one of the tracts must this adjoin? And if the warrant is good in this case, it would be in any other. So we say that the description in the warrant did not answer the require-

Miller vs. Woodard.

ments of the statute, and the Court did right to reject it.   And the warrant being rejected the whole proceeding was dispos- ed of.

The offer of the applicant to prove that he was in posses- sion of the land surveyed, might have been a circumstance to aid the application before the justices, and to have been inserted in their warrant, but it was improper to cure or aid a defective warrant.

Neither could the offer to show that a grant had already issued to this applicant, on a different application, remedy the difficulty.   This latter application was a proceeding to obtain a grant for certain lands, and it must stand or fall on its own merits; and so must the grant already issued.   If that grant was a good one, this proceeding was unnecessary, and ought to have been dismissed; if it was not a good one, it should not be allowed to aid in procuring one that would be good.   The warrant for a survey must stand or fall on its own merits; as it was issued by the tribunal appointed by law for that purpose, it cannot be amended or supported by any collateral or outside circumstance in another Court.

The case itself, is of no importance, and the parties them- selves entitled to but little consideration from the Court, as from the facts of the record, one of them is an intermeddler in a matter in which he had no interest; and the other is interrupting the Court with an application for lands, for which according to his own account, he has already a grant from the State; and for this reason Judge STEPHENS is of the opinion that the costs (the only thing now in controversy) ought to be divided between them.   But as the case is now out of Court, and no error has been committed in disposing of it, we will let it remain out.

Judgment affirmed.