ROBERTS v. HILTON & DODGE LUMBER COMPANY.

The court did not err in granting a nonsuit.
                        JUNE 21, 1911.

Application for headright.  Before Judge Conyers.  Camden su-
perior court.  April 4, 1910.

J. L. Sweat, for plaintiff.

Crovatt & Whitfield, for defendant.

EVANS, P. J.  H. M. Roberts made application to the ordinary
of Camden county for a warrant to survey a certain tract of land,
alleged to be vacant and subject to grant under the headright laws.

The Hilton & Dodge Lumber Company caveated the application, and for cause of caveat averred that it was the true and lawful owner of the land; and that the land was not vacant and subject to be granted to the applicant under the headright laws. On the trial of the caveat in the superior court the plaintiff was nonsuited, and he excepts.

In certain parts of the State grants of land by the State were issued under what is known as the headright system. Each head of a family entitled to a grant of land, preliminary to procuring its issuance by the Governor, was required to make an application for a warrant to survey the land alleged to be vacant and subject to grant under headright, to the land court (finally devolved upon the ordinary) of the county where the land was located, who issued a warrant of survey to the county surveyor. This application was subject to caveat by a claimant of the land. All caveats were entered in the office of the county surveyor (later filed with the ordinary), and were returned by that official to the superior court, where the case was tried in the same manner as is usual in all cases for the trial of titles to land. *Roberts* v. *Palmer,* 14 *Ga.* 349; Civil Code (1895), §§ 3223-3236. It was necessary that the application and warrant should so describe the land as to identify it and enable the surveyor, from the description given in the warrant, to enter upon the particular lands to be surveyed. *Miller* v. *Woodard,* 29 *Ga.* 753. Unless particularity in description were observed, great confusion in the issuance of grants would result. If no caveat was filed, the grant was issued by the Governor as a matter of course. The proceedings in the land court were recorded in that court, and the grant was recorded in the office of the secretary of State. The purpose of the law was that only one grant should issue to the same tract of land, and consultation of these records to a large extent prevented duplicate grants. In the trial of a caveat to the issuance of a warrant the applicant held the affirmative of the issue, inasmuch as such issues were tried under the rules pertaining to the trial of title to land. So, when the caveator denied that the land was vacant and that it was subject to grant under headright, the burden was on the applicant to establish these two essentials to his right to a warrant.

The applicant testified to the effect that the land was vacant and had never been occupied; that he lived within a mile and a half of

the tract of land for which he sought a warrant to survey, and that he was familiar with the lines of the adjacent-land owners; that the tract contained four hundred acres, bounded as described in his application, and composed mostly of swamp land; that he had never examined the grant records in the office of the secretary of State at Atlanta, nor the records in the ordinary's office of Camden county, but that he had examined copies, from the office of the secretary of State, of grants to different landowners around the alleged vacant land; that according to the records and papers produced by the agent of the caveator the land was granted neither to the Hilton & Dodge Lumber Company nor to the Hilton & Dodge Timber Company. The applicant's testimony, which was the only evidence submitted, was insufficient to make a prima facie case that the land had not been previously granted by the State.

*Judgment affirmed. All the Justices concur.*