42    *E. R. BROWN, plaintiff in error, v. ISAAC COLSON et al.,
              defendants in error.

(Atlanta, June Term, 1870.)

EJECTMENT—ASSIGNMENT OF DOWER*—PRIMA FACIE
PROOF OF TITLE.†—In an action of ejectment by the heirs-at-
law, proof that the ancestor died seized and possessed of the prem-
ises in dispute, and that they were afterwards, by the judgment of
the proper Court, assigned as dower to the widow, and that she went
into possession, and is now dead, makes such prima facie case as
entitles the plaintiffs to recover, unless the defendant show title in
himself.

Ejectment.   Evidence.   Before Judge Clark.   Calhoun Su-
perior Court.   March Term, 1870.

Isaac Colson et al., as heirs-at-law of Dennis Colson, sued
Brown for certain lands in said county.

One of the plaintiffs testified that in 1839 his father, Den-
nis Colson, died in possession of said lots, and that dower in
them was assigned to his wife, and she held possession; that
she died in 1860 or 1861; that Brown was in possession at her

---

*ASSIGNMENT OF DOWER—IRREGULARITIES—POSSES-
SION BY WIDOW.—"In Peters v. West, 70 Ga. 343, there were ir-
regularities in the assignment of the widow's dower; but this court
held that where premises were assigned as dower to a widow, who
went into possession of the same, the proceedings to obtain dower
should not be rejected from the evidence because of such irregular-
ities.  Jackson, C. J., said: 'The widow occupied the land as dower
and that cured all irregularities, if any.'"  Wells v. Dillard, 93 Ga.
648, 20 S. E. Rep. 263, citing the principal case.
    SAME—RETURN OF COMMISSIONER JUDGMENT OF THE
COURT—JUDGMENT CONCLUSIVE UPON PARTIES.—Sec-
tion 4041 of the Code enacts that five commissioners to assign dower
shall be appointed, a majority of whom may act, and in Williamson
v. McLeod, 64 Ga. 761, where only four commissioners were ap-
pointed to assign dower, it was held that the objection to the ap-
pointment of four commissioners should have been made at the time
when the return was made the judgment of the court.  Continuing
the court said: "Section 4048, which declares that 'when the return
of the commissioner is made the final judgment of the court, it shall
be conclusive between all parties interested,' would seem sufficient
to settle the point and to the same effect is the judgment in Brown
v. Colson, 41 Ga. 42."
    †SAME—DEATH OF ANCESTOR IN POSSESSION—PRIMA
FACIE PROOF OF TITLE.—In Bagley v. Kennedy, 85 Ga. 706, 11
S. E. Rep. 1091, the court said: "In Brown v. Colson, 41 Ga. 42, the
plaintiff's ancestor died in possession, and the premises were as-
signed to the widow as dower; she went into possession and died.
These facts were held sufficient, prima facie, to put the defendant
upon proof of title," citing Buckner v. Chambliss, 30 Ga. 652; Boyn-
ton v. Brown, 67 Ga. 396; Hadley v. Bean, 53 Ga. 685; Wood v.
Haines, 72 Ga. 189; Jones v. Nunn, 12 Ga. 469; Eaton v. Freeman,
63 Ga. 535; Clark v. Hulsey, 54 Ga. 610; Johnson v. Jones, 68 Ga.
825; McKay v. Kendrick, 44 Ga. 607; Nolan v. Pelham, 77 Ga. 263,
2 S. E. Rep. 639; Jones v. Easley, 53 Ga. 454; Jones v. Scoggins, 11
Ga. 119.  The principal case is cited to the same effect in Wolfe v.
Baxter, 86 Ga. 708, 13 S. E. Rep. 18.

death, claiming under Williams & Baldwin. It was admitted that plaintiffs were heirs of Dennis Colson. Plaintiff's counsel tendered in evidence the record of said assignment of dower. It was objected to because but three commissioners were appointed to assign and did assign said dower. This objection was overruled and the record was read. Here the evidence was closed. Plaintiff's counsel moved for a nonsuit, but it was refused. The Court, after argument had, charged the jury that if Dennis Colson died seized and possessed of the land in dispute, and if the same was assigned to his widow as dower, the plaintiffs should recover, unless defendant had shown a good title. The verdict was for the plaintiff for the lands, and $70 00 per annum for mesne profits. Defendant's counsel moved for a new trial upon the grounds that the Court erred in admitting said record as evidence, in refusing said non-suit, and in said charge, and because the verdict was without evidence to support it, etc.

C. B. Wooten, Vason & Davis, for plaintiff in error.
Strozier & Smith, for defendant.

*By the Court—BROWN, C. J., delivering the opinion.

The evidence in this case shows that Dennis Colson died in 1839 in possession of the premises in dispute, which were assigned to his widow as dower in 1840, who went into possession. The heirs-at-law of Dennis Colson, after the death of the widow, found Brown in possession, holding under Williams & Baldwin, and they brought ejectment for the recovery of the premises; plaintiff's proved the above facts, and introduced a copy of the record in the case from Baker county, showing the assignment of dower in the premises to the widow, and closed. The defendant introduced no evidence. The jury found for the plaintiffs the premises in dispute, with $70 00 per year, for ten years, as mesne profits. A new trial was asked for and refused by the Court below, and this is the error assigned.

We think the plaintiffs made such a prima facie case as put the defendant upon the production of title. If the defendant shows no title, the heir-at-law may recover in ejectment, upon proof that his ancestor died seized and possessed of the premises in dispute: Adams on Ejectment, 282; 1 Sanders on Pleadings and Evidence, 1004. And in case as the premises are assigned to the widow as dower, by the judgment of the proper Court, and she takes possession under such judgment, the heirs may recover after her death, by proof of the seizure and possession of their father, and the subsequent possession of the widow. When the dower is assigned the right of the heirs-at-law to the possession of the lands included in the dower, is postponed till the death of the widow. And as she may make such disposition as she

pleases of her dower, the fact that she may have sold it, and put another person in possession, cannot affect the right of the heirs-at-law at her death. Nor does the fact that all the forms of law were not complied with in the assignment of dower make any difference, if the widow went into possession under the judgment of the Court.

It is objected to this judgment that there is no evidence to support the finding for mesne profits, and a new trial was *asked on the ground, among others, that the verdict was contrary to evidence, without evidence, and decidedly against the weight of evidence.

After a careful examination of the record, we find no evidence to sustain any finding for mesne profits, and we therefore reverse the judgment of the Court below, unless the plaintiffs will write off the amount found for mesne profits. If they do this, the judgment will stand affirmed for the premises in dispute.