Small *vs.* Sparks & Son *et al.*—Bazemore *vs.* Davis.

his post-office box jointly with him, and who failed to deliver all his letters to him ; and that he had discovered an acknowledgment of a . payment, while re-adjusting some old furniture, deposited in an old desk which he had not used for years, furnishes no ground for equitable relief against a judgment for a balance due on the note, after the suit thereon has been fully tried on the issue formed by a plea of payment.

December 5, 1882.

CRAWFORD, Justice.

## SMALL *vs.* SPARKS & SON *et al.*

| 69 | 745 |
| 86 | 585 |
| 69a | 745 |
| 91 | 277 |
| 69a | 745 |
| 99 | 661 |
| 69a | 745 |
| 100 | 316 |
| 100 | 406 |
| 69a | 745 |
| 104 | 779 |
| 69a | 745 |
| d113 | 116 |

The right of appeal presupposes an issue to be tried by a jury. If in a case in a county court the amount in controversy was more than fifty dollars, and the case involved a question of fact, appeal was the proper remedy ; if no question of fact was involved, but the case rested solely on questions of law, *certiorari* was the proper remedy. 46 *Ga.*, 41 ; 53 *Ib.*, 569.

(*a.*) Where the judge of the county court of B.bb county dismissed a case before him on demurrer, there was no question of fact involved, and *certiorari* was the proper remedy. An appeal to the superior court from such a ruling was properly dismissed.

October 24, 1882.

CRAWFORD, Justice.

## BAZEMORE *vs.* DAVIS.

| 69b | 745 |
| 96 | 644 |

[JACKSON, Chief Justice, being disqualified, Judge HILLYER, of the Atlanta circuit, was designated to preside in his stead. This case was argued at the last term, and the decision reserved.]

1. The allowing of exceptions filed to an auditor's or master's report rests in the sound, legal discretion of the judge trying the case, and will not be controlled unless abused.

2. A deed, in order to be the foundation of a prescriptive title to the whole estate, must convey or comprehend the entire fee in some form, but it need not purport to convey the interest of the party against whom it is urged. The prescription will ripen if founded in the proper facts upon an estate as large as the deed expresses, without reference to the source from which it purports to derive title.

3. Where there was a sale of trust property, alleged to have been irregular in some respects, and the question as to whether the *cestui que trust*, a minor at the time of the sale, had, after coming of age, ratified the sale by using and enjoying the proceeds, with knowledge of the facts, has been fairly submitted to and passed upon by the jury, and there was evidence to sustain the verdict, and the judge who tried the case is satisfied with the finding, this court will not interfere.

4. There was no material error committed under any ground of the motion for new trial, as set out in the record.

November 23, 1882,

HILLYER, Judge.

---

## HALL'S SAFE AND LOCK COMPANY *vs.* THE MAYOR, ETC., OF AMERICUS.

Where, in a suit on a contract, the evidence failed to show any privity of contract between the plaintiff and defendant, a non-suit was properly granted.

(*a.*) Suit being brought by "Samuel S. Stratton, general manager of the state of Kentucky of Hall's safe and lock company," and the contract relied on being directly between the defendant and the company, a non-suit was right.

October 3, 1882.

CRAWFORD, Justice.

---

## BAKER *vs.* DOWNING.

1. There was sufficient evidence to sustain the finding of the county judge as to the *bona fides* of the original entry on the land in this case, and there was no error in refusing to sustain the *certiorari* on that ground.

2. Where parties having possession of land made a formal surrender thereof, evidenced by writing, and afterward, in direct contravention of such surrender, entered on the land, they were intruders, and subject to the proceedings provided for by §4072 *et seq.* of the Code.

September 26, 1882.

JACKSON, Chief Justice.