PETERS *et al. vs.* WEST, guardian, *et al.*

| 70 | 343 |
| 93 | 684 |
| 70 | 343 |
| 100 | 501 |
| 70 | 343 |
| 118 | 442 |

1. There was no error in refusing to continue this case, on the facts disclosed in the record; they showed gross *laches* on the part of defendant in failing to obtain the evidence of a witness whose absence furnished the ground of the motion.

2. A will proved in common form and admitted to record is admissible in evidence; and if unattacked for seven years, is conclusive upon all the parties in interest except minor heirs at law.

3. In an action of ejectment by legatees under a will, proof that the ancestor died seized and possessed of the premises in dispute, that they were afterward assigned as dower to the widow, who went into possession, and who is now dead, makes. out a *prima facie* case; and the proceedings to obtain dower will not be rejected from evidence on account of irregularities, the widow having occupied the land as her dower, and irregularities, if any, being thus. cured.

4. The mere fact that an amendment to a declaration is made, will not work a continuance, in the absence of any statement from the· opposite party that he is surprised or is less prepared to try the case.

5. The declaration in ejectment described the land sued for as "being in the 9th district òf originally Fayette, now Campbell county." The evidence showed that the land was actually in the 13th land district of Campbell county, but there was evidence to show that.

it was located in the militia district which was known as the "old 9th" of Fayette county.

*Held,* that there was no error in admitting this evidence, nor in refusing a non-suit on this ground, nor in charging that as the declaration located the land only in the "9th district," if the jury believed that the land sued for was the same as that described in . the declaration, and lay in what was called the 9th district of originally Fayette county, even though it be the 9th militia district, then the plaintiffs could recover, if they had title thereto. The question was one of fact for the jury, whether the proof covered the lot sued for.

6. There was no error in ruling out testimony to show the value of clearing the land by defendant in ejectment as a set-off against *mesne* profits. The clearing was in the time of the life tenant and the holding under her. The present suit was brought by the remaindermen.

7. Objections to the admission of testimony must state the grounds thereof.

8. The verdict is sustained by the evidence.

April 3, 1883.

Continuance. Evidence. Wills. Title. Ejectment. Estates. Mesne Profits. Set-off. Before Judge HARRIS. Campbell Superior Court. August Term, 1882.

West *et al.* brought complaint for land against George and Hosea Peters. The declaration alleged that plaintiffs claimed as children of Charles J. West, under the will of their grandfather, Allen West (the minors being represented by a guardian). The land was described as being " fifty acres off of the southeast corner of lot of land number 192, and seventeen and one-half acres off the northeast corner of lot of land number 193, containing in all, sixty-seven and one-half acres, more or less, situate, lying and being in the 9th district of originally Fayette, now Campbell county." During the progress of the case Hosea Peters filed a disclaimer of title, and the case proceeded against George Peters alone.

On the trial, the evidence showed, in brief, as follows: . Allen West owned and died in possession of the land. He left a will by which he devised it to his wife for life,

or while she should live upon it, with remainder to the heirs of testator's son, Charles J. West. After his death, Mrs. West applied for and obtained dower in the land, and occupied it as such. She sold it to George Peters, who took possession of it. She died in 1878, and since her death this suit has been brought. The land spoken of above was located in land lots 192 and 193. It was not in the 9th land district of Campbell county, but in the 13th land district. It was, however, located in a militia district which was called "the old 9th" of Fayette, that having been the number of the militia district. There was some other conflicting evidence on the subject of mesne profits, etc., not material here.

Defendant moved for a non-suit because of a variance between the description in the declaration and in the testimony. The motion was overruled.

The jury found for the plaintiffs the premises and $400.00 as mesne profits. Defendant moved for a new trial, on the following among other grounds:

(1.) Because the court refused to grant a continuance, on motion of defendant, because of the absence of Hosea Peters. [The showing was as follows:

Defendant stated that Hosea Peters lived in the county, had been subpœnaed, was not absent by his leave or procurement; that he expected to get his evidence at the next term of the court; that the showing was not made for delay. That he expected to show by Hosea Peters that the land was poor, without fences to protect it against the stock; that it was washed into gullies, some of it rocky : that it was not, in its condition, worth anything for rent; that the land was planted in cotton in 1879, and made nothing clear of expenses; that the tenants on the land were run off, that they were shot at; that some parties went to the house, and shot at and into the house, and ran the tenants off; that one of the tenants was found dead on the place, and the land could not be rented at that time; the fences did not protect the land; the stock broke in, and nothing could

be made; that in 1880 oats were sown, and the stock ate them up. That Hosea Peters is sick and unable to attend court; he is afflicted; was shot during the war of 1861 through the lungs and chest, and he suffers a great deal at times; he has spells, sometimes as far apart as three weeks, generally oftener; he was well and in town last week. That witness was not at the last term of the court; was sick then, and the case was continued on account of his absence; that he had come to the three previous terms of the court, and that defendant was absent then, and the case continued on account of the sickness of defendant. That defendant has been sick for seven or eight years; that he has been blind; his health is better now. Hosea Peters had been well enough to go to court a week before court came on, and for some little time before.

Thomas W. Latham, Esq., stated that Hosea Peters, a week before court, was at his office and was in his usual good health, and that there was no necessity for taking interrogatories.

Peters swore that he had no other witness to those points, and that he could not safely go to trial without Hosea Peters.

(2.) Because the court admitted in evidence the will of Allen West, defendant's counsel objecting thereto, on the ground that one of the attesting witnesses had signed his name with a mark, and had never sworn to his mark, but the probate had been made and the will recorded on the proof of the other two.

(3.) Because the court admitted in evidence the dower proceedings on behalf of Mrs. West.—The objection was that the order appointing commissioners was not signed by the judge, and that one commissioner who acted was Aaron Godwin, while the commissioner named in the order was Edwin Godwin.

(4.) Because the court refused a continuance, after plaintiffs had amended their declaration so as to change the name of one of them from Minnie West to Winnie West.

(5.) Because the court refused a non-suit, as stated above.

(6.) Because the court allowed testimony to show that the land was located in what was known as the old 9th militia district.

(7.) Because the court charged as follows: " It is insisted by defendant that the proof must show that the land lies in the 9th land district of originally Fayette county. The declaration does not charge that it lies in the 9th land district, but only in the 9th district of originally Fayette county. If you believe from the evidence that the land described in the writ is the land that is sued for, and is the same land as is described in the declaration, and that the land lies in what was known or called the 9th district of originally Fayette, even though it be the 9th militia district, then, so far as this question is concerned, you may find for plaintiffs."

(8.) Because the court rejected evidence offered to show the value of clearing of land done by defendant during the lifetime of the life tenant.

(9.) Because of the admission of other testimony, the grounds of objection not being stated.

(10.) Because the verdict is contrary to law and evidence.

The motion was overruled, and defendant excepted.

T. W. LATHAM, for plaintiff in error.

R. T. DORSEY, for defendant.

JACKSON, Chief Justice.

This action was brought to recover land alleged to have been the property of the father of the plaintiffs, and in possession of which he died. The jury found for the plaintiffs against one of the defendants, George Peters,—the other, Hosea Peters, disclaiming title,—the premises in dispute and four hundred dollars mesne profits. A motion

for a new trial was refused, and on that judgment refusing this motion, error is assigned here on the grounds taken in it.

1. There was no error in refusing to continue the case, on the facts disclosed in the record. Those facts showed gross *laches* in the defendant.

2. There was none in admitting the will in evidence. The objection was that one witness made his mark, and did not swear to the will, on the probate thereof before the ordinary. It was proved there in common form by the other witnesses, according to law, and was admissible (Code, §2423); and was conclusive, after seven years, against these parties. 46 *Ga.*, 361, 9th head-note.

3. The dower proceedings were properly admitted. The widow occupied the land as dower, and that cured all irregularities, if any. 41 *Ga.*, 42.

4. The court did not err in not continuing the case because of the amendment of the declaration. No allegation of surprise, or of being less prepared to try, was made. Code, §3521; 52 *Ga.*, 129; 49 *Ib.*, 170.

5. The declaration alleged that the land was in the 9th district of originally Fayette, now Campbell county. The proof is to the effect that it was in the 9th militia district, but not land district. The court refused to non-suit plaintiffs on this ground, refused to rule out the testimony that it was the 9th militia district, and that everybody called it the old 9th of Fayette, and refused to charge that if it was not in the 9th land district, but in another land district, though in the 9th militia, the plaintiffs could not recover; but charged to the contrary that, if the jury believed the land was the land sued for in the declaration, though a militia district was called the old 9th of Fayette, it being described simply as the old 9th, then plaintiffs could recover if they showed title to it. Error is assigned on these various phases of the same point. There is no error in the rulings thereon. The question was one of fact for the jury. It was, does the proof cover the lot sued for?

That lot was in the old 9th of Fayette, now Campbell. If the jury believed that the declaration, not stating that it lay in a land district at all, meant the lot which was in the old 9th militia district and the proof showed this lot came up to that description, it was sufficient to make the *allegata* and *probata* agree substantially. The father of plaintiffs owned the lot. One witness swore that he had known it for fifty-two years, and it lay in the old 9th. The point, viewed in all its lights, it strikes us, is purely technical and without merit.

6. There was no error in ruling out testimony about the value of clearing the land by defendant to set off against mesne profits. The clearing was in the time of the life tenant and the holding under her. The evidence was not admissible. *Dean et al., ex'rs, vs. Feeley et al.*, this term.

7. Objections to the admission of testimony must state the reasons or grounds thereof. All the rest objected to, and some considered above, fall under this want of specification.

8. The evidence is sufficient to sustain the verdict; the presiding judge is satisfied therewith; and there being no material error of law, this court will not disturb the verdict and judgment.

Judgment affirmed.