## HARLOW vs. CLEGHORN.

1. Where, after a judgment was rendered, the defendant died leaving a widow and several children, and the execution issued thereunder was levied on certain land belonging to the estate of the deceased, whereupon the widow sought to purchase the *fi. fa.* and negotiated with one C. for the loan of money to do so, who promised to let her have it, provided he could collect it from a certain person named, but early in 1875, informed her that he could not get the money from such person and could not let her have it, this did not prevent him, in January, 1876, after the termination of the negotiation, from purchasing the *fi. fa.;* and where, after the purchase of the *fi. fa.,* the land was sold and purchased by

him, and subsequently resold at an advanced price, this did not give her the right to recover from him the amount he received for the land in excess of the amount paid by him for the execution.

2. Upon the transfer of the *fi. fa.*, the widow, who had applied for and was entitled to dower in the land levied on, agreed with the transferee that she would withdraw her application for dower and let the land be sold, in consideration of which, the transferee, as assignee of the *fi. fa.*, gave to her a written agreement that, in ⚹ the event the land came to sale, she should have all it might bring above $600 and 12 per cent. interest from date of the agreement; also, if the assignee of the *fi. fa.* became the purchaser of the land, he agreed to sell the same to her for $600 at 12 per cent. interest from date of the agreement, due the 1st of January, 1887; and if the $600 was paid, with 12 per cent. interest from date, to give her control of the *fi. fa.*, and also to give her control of *fi. fa.* after sale, and the credit entered thereon, if not assigned before. The land was sold and the transferee became the purchaser for the sum of $806. Subsequently the widow, through her agent, surrendered the writing, stating that she was unable to raise the money, and afterwards the transferee sold the land for $1,200, and the widow filed a' bill against him:

*Held,* that if the widow or her agent rescinded the contract without a full knowledge of her rights, she would be entitled to recover from the transferee all that he received for the land over and above $600 and interest thereon; but if she or her agent rescinded the contract with knowledge of her rights, she would be entitled to recover the value of her dower.

April 9, 1887.

Contracts. Executions. Dower. Before Judge FAIN. Chattooga County. At Chambers, August 27, 1886. ˙

Reported in the decision.

DABNEY & FOUCHE', for plaintiff in error.

W. M. HENRY; J. C. CLEMENTS, for defendant.

BLANDFORD, Justice.

Cadow, McKenzie & Co. obtained a judgment against James Harlow, jr., and after this judgment was obtained, Harlow died, leaving a widow and several minor children. An execution issued upon the judg-

ment, and was levied upon certain land belonging to the estate of the deceased. Mrs. Harlow, the widow, through her friends, entered into negotiations with the plaintiffs in the execution to purchase the *fi. fa.*, and it was agreed between them that she could have it for $600; but she was unable to get the money. Early in the year 1875, she applied to Mr. Cleghorn, the defendant in error, for the loan of the money to buy this execution; and he promised to let her have it, provided he could collect it from a certain person named Turner. At the March term of court, he informed her, or her agents, that he could not let her have the money, as he could not get it from Turner. Nothing was done in regard to the purchase of the execution until January, 1876, when Mr. Cleghorn bought it from the plaintiffs in execution for the sum of $300. Thereupon, Mrs. Harlow, who had applied for and was entitled to dower in this land, agreed with Mr. Cleghorn that she would withdraw her application for dower and let the land be sold, and the application was accordingly withdrawn; and in consideration of this, Mr. Cleghorn entered into a writing with her as follows:

"Georgia, Chattooga county.

"I agree, as assignee of a *fi. fa.*, Cadow, McKenzie & Co. *vs.* James Harlow, that in the event said land levied on by said *fi. fa.* comes to sale, that Mrs. Harlow, widow of said James Harlow, deceased, shall have all said land may bring above $600.00 and twelve per cent. interest from date hereof; also, if said Cleghorn, assignee of *fi. fa.*, becomes the purchaser of said land, he agrees to sell the same to Mrs. Harlow for $600.00, at twelve per cent. interest from date hereof, due the 1st day of January, 1877. I, C. C. Cleghorn, further agree, if the $600.00 is paid, with twelve per cent. interest from date, to give her (Mrs. Harlow) control of *fi. fa.*, and also to give her control of *fi. fa.* after sale, and the credit entered thereon, if not assigned before. This eighth day of February, 1876.

"Test—H. D. C. Edmundson.        C. C. Cleghorn."

The land was sold under this execution, in April, 1876, and was purchased by Cleghorn for the sum of $806. Before the first of January, 1877, Cleghorn was approached by the son of Mrs. Harlow, who seems to have acted as her agent, and was asked if he would let her pay by the

first of January $300, and give her further time on the balance. He agreed to this. Before the first of January arrived, young Harlow came to Cleghorn and surrendered this writing to him, stating that it was impossible for his mother to raise the $300; and afterwards, in the year 1878, Cleghorn sold the land for $1,200, on time, to another party. Whereupon Mrs. Harlow filed her bill against Cleghorn.

1. We see no fraud in this matter on the part of Cleghorn. We think that, under the facts disclosed by the record, he had a right to purchase this execution—as much right as anybody else. All negotiations between himself and Mrs. Harlow had ceased in March, 1875; he did not purchase this execution until January, 1876; and he had a right to do it then without violation of good faith. And if this is so, part of the relief prayed for in this bill she is not entitled to. She is not entitled to recover from Cleghorn the amount he received for this land over and above the $300 paid by him for this execution.

2. If she or her agent rescinded her contract with Cleghorn without a full knowledge of her rights at the time the paper was returned to Cleghorn, then she would probably be entitled to recover from Cleghorn all that he received for the land over and above $600 and the interest. But if, when the contract was rescinded, she or her agent knew her rights, then we think she would be entitled to recover the value of her dower, which she relinquished, upon the principle of purchase money; she gave him her interest in that land, that is, her dower; and if she gave that up to Cleghorn and allowed the whole to be sold, he cannot in equity retain it; and under the facts in this bill, she would be entitled to a decree for the value of the dower, with interest from the time Cleghorn sold the land.

We think there ought to be no trouble as to the decree which should be rendered in this case in the court below. There is but one question left in the case: that is, whether Mrs. Harlow, at the time of the rescission of the contract,

and its re-delivery to Cleghorn, knew all of her rights in the matter; if she did, there was a full rescission of the contract, and she would only be entitled to recover the value of her dower in the land. But if she did not know of her rights, and her agent did not know of them, when the contract was rescinded, that was a mistake, and she would be entitled to recover all the land brought over and above the $600, with the interest on it at twelve per cent. to the time the land was sold by Mr. Cleghorn. This can be easily settled on another trial. So we reverse the judgment of the court below in refusing to grant a new trial, on the ground that the verdict was contrary to the law and the evidence.

Judgment reversed.