## STARR v. NEWMAN.

107   395
121   433
121   434

1. When a husband dies seized and possessed of land, his widow has a vested right to dower therein; and when the land is sold by the administrator on an order of the ordinary, the title acquired by the purchaser at such sale is subject to the widow's right of dower unless she has waived the same in some way known to the law.

2. The widow is not estopped from asserting this right by the fact that she consented for the administrator to procure an order and sell the real estate, nor by the further fact that, after the sale, she applied for a year's support in the proceeds thereof; it appearing that the purchaser at the sale was not, in buying the property, aware of this conduct of the widow and consequently could not have acted thereon or regarded the same as constituting a waiver of her right of dower.

Submitted March 27,—Decided April 25, 1899.

Equitable petition. Before Judge Janes. Haralson superior court. January term, 1898.

W. F. Brown, for plaintiff in error.   Edwards & Edwards, E. S. & G. D. Griffith and James Beall, contra.

LEWIS, J.   Mrs. L. M. Newman, the defendant in error, brought her petition to the January term, 1896, of Haralson superior court, against Mrs. S. F. Starr, the plaintiff in error.   The petition made substantially the following case: On the 26th day of January, 1893, the husband of Mrs. Starr died, seized and possessed of eighty acres of land.   On the 1st of June, 1894, the ordinary of Haralson county appointed James Beall administrator of the estate of said deceased, by the request and at the instance of his widow, Mrs. Starr.   She waived her right to dower in the land, and requested the administrator to wind up the administration by selling the land and paying the balance of the purchase-money on the same, and by paying the debts of said deceased.   Acting upon this request, the administrator obtained from the ordinary an order for the sale of the land, and on the second day of October, 1894, it was accordingly sold, after due advertisement, to M. R. and Joel Phillips, they being the highest and best bidders.  On the 23rd day of October, 1894, the petitioner, without any knowledge or notice of the facts above set forth, purchased the property from the said M. R. and Joel Phillips in good faith, paying therefor full value.   After the sale Mrs. Starr removed

from the premises where she had been living since the death of her husband, and surrendered possession of the same on the day of petitioner's purchase. Petitioner then took possession of the land and held it until the 22nd of February, 1895, when Mrs. Starr forcibly and fraudulently took possession of the land, with full knowledge of petitioner's right and title thereto, and still retains the same forcibly against petitioner. Mrs. Starr is insolvent and unable to respond to any judgment that may be rendered in favor of petitioner for the rent of the land. On the 22nd of July, 1895, Mrs Starr filed her application in Haralson superior court, for the appointment of commissioners to admeasure to her dower in the land. They were accordingly appointed, and laid off to her twenty-three acres of the land for dower. It is claimed in the petition that the title of the deceased was divested by the administrator's sale. The petitioner prayed for the appointment of a receiver to take charge of the land and preserve the rents and profits thereof until the rights of the parties could be adjudicated, that judgment be rendered declaring the property to belong to petitioner and free from the right or title of Mrs. Starr, that petitioner be restored to the possession of the premises, and that the petition be taken as an objection to the return of the commissioners assigning dower in the land. There was an amendment to the petition, alleging that Mrs. Starr had applied for the whole of the money arising from the sale of the land by the administrator, the same being $250.50, to be set aside to her and her minor children as a twelve months' support, and that on the trial of the application the jury found a verdict in her favor for $101.38.

After the plaintiff announced closed, the court directed a verdict for the plaintiff, finding for her the premises in dispute, and further finding against the dower. The defendant assigns this judgment as error, and also complains of various rulings of the court in the progress of the trial. It does not appear from the record that the defendant below offered any testimony after the plaintiff had closed. The testimony introduced on behalf of the plaintiff showed a sale of the property by the administrator; that she had acquired title from the purchaser at

such sale; that a year's support was afterwards set aside to the widow; and that commissioners to set aside to her dower had been appointed and made their return as alleged in the petition. It further appeared from the testimony that Mrs. Starr, the petitioner, after the death of her husband, asked Beall to take charge of the estate of her husband as administrator and to treat it like his own; that he accordingly applied for letters of administration and was appointed administrator of the estate; that she told him that she had but one request to make of him in reference to his administration, and that was not to sell the land until the fall of the year, when it would bring a better price. He accordingly procured an order from the court of ordinary and sold the land thereunder the following October. After the sale the widow, Mrs. Starr, on being told by the administrator what price it had brought, stated to him that she wanted him to take out the money and pay his claim and turn over the balance to her. The widow was not living on the place at the time, and there was no one occupying it when it was sold. There was testimony tending to show that the land brought a fair price, but that it afterwards enhanced in value on account of the great industry of grape-culture that had begun to be developed in that section of the country. The administrator knew of the appointment of appraisers to set aside to the widow a year's support, before he was appointed administrator of the estate. He testified further that the appraisers set aside to him twenty acres of land to his credit; that he tried to get them to give him a deed to it, but they would not do it. Mrs. Starr was not present on the day of the sale. She knew of the sale, however, and made no objection to it, and no person objected for her. There was further testimony going to show that the sale was fair; and that nothing was said about the right of the widow to dower in the land. Neither the purchaser at the administrator's sale nor the defendant in error, who bought from that purchaser, had any notice that the widow would claim dower in the land.

It does not appear from the record that anything was said by the widow to the administrator with reference to her right to dower, either before or after the sale; and the controlling

question presented by the record is, whether or not the above facts could be construed into a waiver on her part of her right of dower, or as an estoppel which would bar her from asserting such right after the sale by the administrator. The record utterly fails to show that the widow in this case has become barred of her right to dower by virtue of any provision of section 4689 of the Civil Code, which undertakes to declare all the conditions and means by virtue of which such a bar may attach. There was no provision made by law or otherwise, accepted by the wife after the husband's death, expressly in lieu of dower. The widow did not elect to take a child's part of the estate in lieu of dower, and she applied for her dower within seven years from the death of her husband. There was in this case, then, an absolute want of any consideration whatever why the widow should have waived her dower. It is not pretended that there was any express waiver. On the contrary, the matter was never mentioned to her, and it does not appear that she knew of or was ever told about her right of dower in this land before the sale. We do not mean to say that if a widow should declare her purpose to waive her right of dower, and upon the faith of such a declaration a purchaser should buy the property for value at administrator's sale, supposing that thereby he was procuring an absolute title to the same, unincumbered by any claim of the widow for dower, she would not thereafter be estopped to set up such claim on account of the fraud that would thus be perpetrated upon an innocent purchaser for value. But that is not this case. It nowhere appears in the record that the widow, or anybody else for her, had ever made any such declaration to the purchaser at this sale. On the contrary, the purchasers themselves testified that they knew nothing with reference to her claim of dower, and they do not pretend to have acted on anything she said to the administrator in reference to bringing about a sale of the property. Manifestly, then, they acted on nothing which could have been pleaded as an estoppel against the widow, and therefore they can not complain to have been at all injured by her conduct or sayings, either before or after the sale, even if such conduct could possibly have been construed into a waiver

of her right of dower. At the death of the husband the widow had a vested right to dower in the lands of which he died seized and possessed, and before any conduct of hers should be construed into a waiver of the right, especially where no consideration is moving to her to make such a waiver, it ought at least to appear that she had full knowledge of her rights at the time of such waiver, and that some innocent party has acted thereon to his injury. See *Harlow* v. *Cleghorn,* 78 *Ga.* 588–9. The fact that the defendant in error was an innocent purchaser for a valuable consideration, without notice of the widow's intention to apply for dower, can not alter the case. As decided in the case of *Chapman* v. *Schroeder,* 10 *Ga.* 322, "the claim of a demandant to dower is a *legal* claim, and if she has a *legal title* to dower in the lot of land, whether the defendant purchased with or without notice, for a valuable consideration, does not in the least affect or impair that legal title."

It is not pretended that the purchaser at the administrator's sale, or that his successor in title, the defendant in error, did not know before their purchases that the husband died "seised and possessed" of this land, and that his widow was still in life. The law charges the world with notice of the widow's vested right of dower in such a case, and this right continues to exist unless barred in some way recognized by law, whether or not she has asserted the right by a proceeding in court. The sale by the administrator does not divest her of this right. It does not necessarily follow, however, that the sale is void. He had a right to sell for the purpose of paying debts, but his sale of the decedent's land, where dower is not barred, is always subject to the widow's right of dower, and the purchaser can get no better title than the administrator can sell. If, therefore, the application of the widow for a year's support out of the proceeds of the sale amounts to any ratification of the sale, it was simply a ratification subject to her dower interest, she having done nothing which the law would construe into a waiver of that interest, or into an estoppel barring her of her right to assert it. In her conversations about the sale of this land she said nothing with reference to a year's support. After the sale it appears that she stated to the administrator that

he could take out his debt and pay the balance of the money to her. Failing, doubtless, to procure anything, she afterwards applied for a year's support, recovering only about $100, when she really had a right to have the entire tract set apart for a year's support, the testimony showing it was all the estate and that it was worth less than $500.

A demurrer was filed to the petition, on the ground that petitioner had a common-law remedy, and that there was no equity in the petition. Section 4702 of the Civil Code provides that every person interested may enter a traverse to the return of commissioners appointed to admeasure dower. The following section declares that if the issue be found against the return of the commissioners, then the court shall issue a new writ to other commissioners, etc. It would seem from these provisions that the parties interested, in contemplation of the statute, are the administrator, heirs and creditors, and that no provision is made for a third party claiming title filing objections to the return, unless he occupied a position as tenant in common with the widow, as was the case in *Harris* v. *Coats*, 75 *Ga.* 415. In any event, the common-law remedies are not fully adequate for all the relief sought, and the equitable proceeding will perhaps avoid a multiplicity of suits. But we think the petition is objectionable in that it does not fully and specifically set forth what conduct and sayings of the widow amounted to a waiver of her right to dower, and how such conduct affected the rights of petitioner. There was no special demurrer, however, on this ground, and the petition was sufficient as against a general demurrer. *Bishop* v. *Woodward*, 103 *Ga.* 281.

There are various other rulings of the court complained of in the bill of exceptions, which it is unimportant to consider, for the case is controlled by the principles embraced in the headnote. From the facts in the record we do not think the testimony authorized, much less demanded the verdict for the plaintiff, and the judgment of the court so directing is accordingly　　　　　　*Reversed. All the Justices concurring.*