BLAKELY OIL & FERTILIZER CO. *v.* PROCTOR & GAMBLE CO.

HOLDEN, J.   The plaintiff in error, through its secretary and treasurer, signed a writing whereby it sold to the defendant in error, 2 tanks of crude cottonseed oil, containing 13,326 gallons, at 33½ cents per gallon "on basis of 'prime'" and providing: "Any difference between buyer and seller under this contract subject to Arbitration before Memphis Merchants Exchange, Memphis, Tenn." The buyer paid for the oil at the stipulated price, and on its arrival at destination a dispute arose as to the quality of the oil and what allowance from the contract price should be allowed the buyer. The seller (through its secretary and treasurer) and the buyer signed a writing providing that such differences be submitted to "the arbitration and decision of the Arbitration Committee on Cotton Seed Products of Memphis Merchants Exchange, or a quorum of them, with the right of appeal on the part of either of the above-named parties to the Committee of Appeals, according to the Rules and Regulations of said Memphis Merchants Exchange," and this writing recited, "A decision is desired upon the following points: Whether or not samples marked P. & G. 85 and 532, Blakely, Ga., April 7th, contain Prime Crude Cotton Seed Oil: if not, to what allowance per gallon is the Proctor & Gamble Co. entitled. Samples to be submitted by the Proctor and Gamble Co., and properly tested by the official chemist." The buyer brought suit against the seller for $1,732.38 on an alleged award signed by the alleged arbitration committee of such exchange, reciting that "In the case of Blakely Oil & Fertilizer Co., Blakely, Ga., vs. Proctor & Gamble Co., Cincinnati, Ohio, we decide that oil contained in samples representing P. & G. tanks 85 and 532 is not prime crude Cotton Seed Oil. The Proctor & Gamble Co. is allowed thirteen cents per gallon on each tank." Upon the trial of the case, the testimony in behalf of the buyer showed, among other things, that the samples were analyzed by the official chemist of the exchange, which analyses with the samples were before the alleged committee when the award was made. Upon the conclusion of the evidence, the court directed a verdict for the plaintiff, and the defendant excepted to the overruling of its motion for a new trial. *Held:*

1. The terms of the agreement between the parties being unambiguous, the court did not commit error in excluding testimony of the secretary and treasurer of the defendant as to what was his intention when signing the agreement with respect to a matter referred to therein.

2. The parties having agreed that the differences between them be arbitrated and decided by the arbitration committee of the exchange, according to the rules and regulations of such exchange, which provided for no notice to either party of the time and place of hearing, and the terms of submission providing for no notice, and it having been shown that the committee in making the award acted in accordance with the rules of the exchange, the award was not void because no notice was given to the defendant of the time and place of action by the committee in the matter, nor because the defendant did not appear and submit evidence in its behalf.

3. Under the terms of the submission, it was not necessary that any agent of the defendant should be present when the samples of oil were drawn from the tanks by the plaintiff to be sent to the committee of the exchange.

4. Under the terms of the submission and the rules of the exchange, the award was not void because no agreed statement of facts other than those contained in the agreement to submit to arbitration were submitted to the committee by the defendant.

5. The court committed no error in excluding, on the ground that it was hearsay, testimony offered by defendant: that the witness took a sample of the oil from the tanks to a broker, who read to him a telegram from parties saying they would give 31 cents per gallon for the oil represented by the samples.

6. The evidence was conclusive that the secretary and treasurer of the defendant had authority to bind it in signing the writings above referred to.

7. A witness who testified by depositions on a trial can not be impeached by proof of contradictory statements made since the depositions were taken, without first laying the required foundation; and this rule is not inapplicable because the witness whom it is sought to impeach resides out of the State. *Raleigh &c. R. Co.* v. *Bradshaw,* 113 *Ga.* 862 (39 S. E. 555).

8. The award purported on its face to be made by five persons as the "Arbitration Committee C. S. Products." One witness testified that the parties acting constituted the regular arbitration committee at the time the award was made. Several witnesses testified that one of those acting was not a regular member of the committee, but was called in on account of the absence of a regular member. No rule of the exchange introduced in evidence provided for one not a member serving on the committee, except where there was a tie when four members were sitting, a rule thus providing being introduced by the plaintiff. The evidence was such as to make it a question for the jury as to whether the committee making the award was composed of the arbitration committee of the exchange as provided by the rules thereof, the defendant by its special plea making the defense that the award was void because not made by such committee; and the court committed error in directing a verdict in favor of the plaintiff.

*Judgment reversed. All the Justices concur.*

FEBRUARY 24, 1910.

Complaint.  Before Judge Worrill.  Early superior court. January 14, 1909.

See former decision, 128 *Ga.* 606 (57 S. E. 879).

*Pottle & Glessner,* for plaintiff in error.

*D. F. Crosland,* contra.