PROCTOR & GAMBLE COMPANY *v.* BLAKELY OIL & FERTILIZER COMPANY.

1. Where differences arose between parties in relation to the purchase and sale of cottonseed oil, and the differences were submitted for arbitration by the parties thereto, in writing "to the arbitration and decision of the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a quorum of them," etc., it is not competent to prove a *custom* of the exchange which varies the plain written agreement of such submission.

2. The verdict is supported by the evidence in this case.

3. Where by the terms of a written submission to an arbitration committee, which is composed of five members of a regular standing committee of the Memphis Merchants Exchange, one of the members is absent and fails to act, but another person not a member of the regular standing arbitration committee is substituted by the chairman of the committee to act in the place of the absent member, such appointment being without the consent of one of the parties to the submission, and the substituted arbitrator hears the matter in controversy and signs the award with the other committeemen, it follows, as a matter of law, under the contract of submission, that the award is null and void, and can not be the foundation of a suit predicated thereon.

DECEMBER 14, 1911. REHEARING DENIED JANUARY 12, 1912.

Arbitration and award. Before Judge Worrill. Early superior court. August 19, 1911.

*D. F. Crosland,* for plaintiff.

*J. R. Pottle* and *C. L. Glessner,* for defendant.

HILL, J. This is the third time this case has been before this court. It will be found reported in 128 *Ga.* 606 (57 S. E. 879), and 134 *Ga.* 139 (67 S. E. 389). The decisions in those cases turned upon questions of procedure, exclusion of evidence, defenses, etc.; but the case was finally remanded to the trial court for determination upon its merits. The present case was brought by the Proctor & Gamble Company against the Blakely Oil & Fertilizer Company, in Early superior court, for the sum of $1,-732.38, alleged to be due the plaintiff by the defendant by reason of a certain award finding said amount due the plaintiff by the Blakely Oil & Fertilizer Company. It was alleged by the plaintiff: that it purchased from the defendant two tanks of crude cottonseed oil, on a basis of "prime;" that upon the arrival of the oil at destination a difference arose between the plaintiff and the defendant as to the quality of the oil, and as to what deduction should be allowed the plaintiff, if any, from the contract price

of 33½ cents per gallon; that the plaintiff had paid for the oil on the basis of prime crude at the contract price of 33½ cents per gallon; that under the terms of the contract of submission, the differences between the plaintiff and the defendant were to be submitted to the arbitration and decision of the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a majority of them; that the arbitration committee did, on the 7th day of May, 1903, make their award in which they held that the oil was not "prime crude," and accordingly awarded the plaintiff 13 cents per gallon on each tank, which amounted to the sum of $1,732.38. The defendant in its answer, among other defenses, alleged: that the award was not binding upon it; that it was void and of no effect, because the contract and agreement of submission claimed by the plaintiff to have been made by the defendant provided that the differences and controversies between the parties were to be submitted to the arbitration and decision of "the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a quorum of them;" but defendant alleged that the award was signed by one A. H. D. Perkins, who was not a member of the arbitration committee on cottonseed products of said Memphis Merchants Exchange, but that said Perkins was called in by four members of said committee to take the place of an absent member of the committee, to wit, H. P. Johnson; that said Perkins participated in said arbitration and award without the knowledge or consent of the defendant, which had but recently, and since the award was published, discovered that the said Perkins participated in the award, and that he was not a member of the arbitration committee of the Memphis Merchants Exchange, to the members of which alone were the matters in controversy between plaintiff and defendant submitted under the alleged contract of submission. After the charge of the court, the jury returned a verdict in favor of the defendant, the Blakely Oil & Fertilizer Company. A motion for a new trial was made by the Proctor & Gamble Company, on the various grounds therein stated, which was overruled by the court, and this ruling is assigned as error.

We think that the decision of this case rests upon the proper construction of the contract or "Agreement for Arbitration" entered into between the parties to this case. That agreement is as

follows: "Memphis Merchants Exchange. Agreement for Arbitration. This article of agreement, made and entered into this 27th day of April, A. D. 1903, witnesses: That whereas differences and controversies are now existing and pending between Blakely Oil & Fert. Co., Blakely, Ga., and The Proctor & Gamble Company, Cincinnati, Ohio, in relation to purchase and sale of cottonseed oil, terms, Basis Prime Crude, weights and quality guaranteed, in accordance with the Rules of the Memphis Merchants Exchange, arbitration at Memphis. Now, therefore, we, the undersigned, do hereby mutually and voluntarily agree to submit the said differences and controversies to the arbitration and decision of the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a quorum of them, with the right of appeal on the part of either of the above-named parties to the Committee of Appeals, according to the Rules and Regulations of said Memphis Merchants Exchange; and we do further authorize and empower the said Arbitration Committee, or a quorum of them, or, in case of appeal, the said Committee of Appeals, or a quorum of them, to arbitrate, award, adjust, and determine the differences now existing between us in the aforesaid matter. A decision is desired upon the following points: Whether or not samples marked P and G 85 and 532 Blakely, Ga., April 7th, contain Prime Crude Cottonseed Oil; if not, to what allowance per gallon is the Proctor & Gamble Co. entitled? Samples to be submitted by the Proctor & Gamble Company, and properly tested by the official chemist." It will be observed, upon an inspection of this agreement, that differences existing between plaintiff and defendant in relation to the purchase and sale of certain cottonseed oil, and the price paid therefor, and the differences as specified in said contract, were to be submitted "to the arbitration and decision of the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a quorum of them," etc. It appears from the record that one A. H. D. Perkins, who was not a member of the regular standing arbitration committee, though a member of the Exchange, was called in by the chairman of the arbitration committee of the Memphis Merchants Exchange, and was a party to the award which is the foundation of the present suit, without the knowledge or consent of the defendant in this case. It is insisted on the part of the

plaintiff in error that the substitution of Perkins as a member of the arbitration committee for a regular member of the arbitration committee, who was absent, was the result of a long, constant and common practice or usage of the Memphis Merchants Exchange, and therefore was valid and binding, as a matter of law, upon both parties to the award; and it is insisted that inasmuch as the court charged the jury that if such practice did as a matter of fact exist, such practice would be valid and binding as a matter of law upon both plaintiff and defendant, the verdict of the jury finding against such charge was contrary to law and the evidence and without evidence to support it. To this contention and charge we can not give our assent. We hold that the contract entered into between the plaintiff and defendant was equally binding upon both. By the terms of that agreement all differences and controversies were to be submitted " to the arbitration committee on cottonseed products of the Memphis Merchants Exchange, or a quorum of them," etc.; and no custom or long-continued practice which substituted one not a member of that arbitration committee, for one who was, would be binding on the defendant without its consent. When that agreement was entered into, the defendant doubtless knew who composed that committee, and with a knowledge of the personnel of such committee it might readily sign such an agreement; but it is in effect making a new agreement to substitute, without the consent of the defendant, a new committeeman for one already agreed to in writing by the defendant, and the plaintiff as well. If one can be substituted by custom, why not two, or three, or four? In fact, A. S. Graves, the secretary of the Memphis Merchants Exchange, testified that the chairman could have called in, under the custom, three more persons to fill the places of regular members of the committee who might be absent. Surely the parties to the original agreement never contemplated such a condition as that. It is one thing to agree to a certain standing committee as a board of arbitration; but it is quite a different thing to have that committee, or any portion of it, left off the board of arbitration, and an entirely different member, or members, substituted therefor without the consent of one party to the agreement. We hold that a custom of the Memphis Merchants Exchange, which was not authorized by their printed rules or regulations, and which is in

conflict with the written contract or agreement of submission to arbitration between the parties in this case, can not be proved in order to sustain an award which was rendered by arbitrators one of whom was not authorized to act by the agreement of arbitration. See *Werner* v. *Footman, 54 Ga.* 128 (6); *Emery* v. *Atlanta Real Estate Exchange, 88 Ga.* 321 (2), 330 (14 S. E. 556).

It is further insisted by plaintiff in error, that the submission was to be according to the rules and regulations of the Memphis Merchants Exchange, and that there were printed rules of the exchange which provided for a contingency in which a vacancy on the committee could be filled, and the manner of filling it; that all previous rules and regulations were abolished; that while this usage or practice, if inconsistent with a written by-law or regulation, would nevertheless be valid and prevail over and repeal the same, yet, under the facts of this case, the usage was in no sense in conflict with any written regulation, but was supplementary merely to existing rules, etc. We think otherwise, and that an award made by certain members of the regular committee of the Memphis Merchants Exchange and an outside member of the exchange was not a compliance with the written submission for an award; nor was this rendered a compliance with the submission by showing a custom of the committee to supply the place of absent members by calling in other members of the exchange to take part in arbitrations. It is therefore our opinion, that, notwithstanding that portion of the charge of the court above referred to, the jury, under the law and the facts, reached a correct verdict. The ruling here made makes it unnecessary to pass upon the other questions made in the record.

*Judgment affirmed. All the Justices concur.*