GROOVER, administrator, *v.* SIMMONS.

1. Where one of the jurors who tried the case was related within the prohibited degree to the plaintiff and to one of the defendant's counsel, and this fact was not known by the party against whom the verdict was

rendered, or by any of his counsel, and could not have been so known by the exercise of reasonable diligence, it was not error to grant a new trial.

2. Allegations of the defendant's answer, setting up an understanding at variance with the terms of the deed executed by the plaintiff to the defendant, and a prayer based on such allegations, should have been stricken on demurrer.

No. 2459. DECEMBER 16, 1921.

Equitable petition. Before Judge Lovett. Bulloch superior court. December 31, 1920.

*Brannen & Booth* and *Anderson & Jones,* for plaintiff.

*Deal & Renfroe, Fred T. Lanier,* and *Hines, Hardwick & Jordan,* for defendant.

HILL, J. James B. Groover filed an equitable petition against Brooks Simmons, to cancel a certain deed executed by the plaintiff to the defendant, purporting to convey 920 acres of·land, instead of 632 acres as really intended to be conveyed. The prayer was for the cancellation of the deed, or, in the event that the jury should find that the sale should not be rescinded, that the deed be so reformed as to speak the truth, and convey only 632 acres of land. The deed contained this covenant: " This deed is made subject to all liens against said lands, and is to be paid off by said grantee out of said purchase-price of said lands." The court allowed an amendment to the answer of the defendant, that, " at the time of the purchase of said 920 acres and at the making of said deed, it was understood between plaintiff and defendant that the liens against said property at that time were to be transferred to defendant, and that they were to be paid, so far as the holders of the liens at that time were concerned," and otherwise varying and contradicting the terms of the deed. Defendant prayed that a decree be made, directing the advertisement and sale of the 920 acres under the liens existing against the property at the date of the deed. The plaintiff demurred to the amendment to the answer, on the ground, among others, that it was a material variance from the terms of the sale as expressed in the deed from the grantor to the grantee. The demurrer was overruled, and the amendment to the answer allowed; and the plaintiff excepted pendente lite. The case proceeded to trial, and a verdict was rendered in favor of the plaintiff. A new trial was granted on the ground of the relationship of one of the jurors to the plaintiff and to one of the defendant's attorneys. The plaintiff ex-

cepted both to the grant of a new trial and to the allowance of the amendment to defendant's answer.

1. It is conceded that one of the jurors who rendered the verdict in this case was related to the plaintiff, and to the defendant's attorney, within the prohibited degree; and on the hearing of the motion for new trial the judge was authorized to find from the evidence that neither the plaintiff nor any of his attorneys knew of the relationship at the time of the trial, and could not by the exercise of reasonable diligence have known of it. It was therefore not error for the judge to grant a new trial on that ground of the motion.

2. The 17th and 18th paragraphs of the amendment to the defendant's answer were improperly allowed, because they varied the terms of the deed, which provided that the deed was made subject to all liens against the land, and that they were to be paid off by the grantee out of the purchase-price of the land. There is nothing in the deed giving the defendant the authority to put up the land at public sale for the purpose of satisfying the liens against the land. Civil Code (1910), § 5788; *L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15 (65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860). A new trial having been properly granted, as ruled in the first headnote, that judgment is affirmed; but the court having erroneously allowed the 17th and 18th paragraphs of the amendment to the answer, direction is given that on the next hearing of the case the demurrer be sustained in part, and that the 17th and 18th paragraphs of the amendment, and the corresponding prayer, be stricken.

*Judgment affirmed, with direction. All the Justices concur.*