SCALES *et al.* v. BELLAMY *et al.*

JENKINS, Justice. 1. The petition to enjoin an alleged continuous trespass on land sufficiently alleged title in the plaintiff, and acts by the defendants entitling the plaintiff to the relief prayed for, as against the general demurrer that the petition stated no cause of action or facts en-

titling the plaintiff to such equitable relief; since a good paper title with right of possession thereunder was set forth.

2. "Dower is the right of a wife to an estate for life in one third of the lands, according to valuation, including the dwelling-house (which is not to be valued in a town or city), of which the husband was seized and possessed at the time of his death, or to which the husband obtained title in right of his wife." Code, § 31-101. Accordingly, where the widow of an intestate elects to take dower, and it is assigned to her in certain land by commissioners, and their return is made the judgment of the court, pursuant to the Code, §§ 31-105 et seq., 31-201 et seq., such a judgment vests in the widow no more than a life-estate, so that on her death the title reverts under the rules of inheritance to the heirs at law of the deceased husband. *Darnell* v. *Williams*, 171 *Ga.* 651 (2, 3) (156 S. E. 584); 28 C. J. S. 66, 226, §§ 1, 114.

3. Seven-years adverse possession under color of title will not ripen into a prescriptive title larger than that expressed in the instrument. Where such color of title consists of an assignment of dower, conferring only a life-estate in the widow, as distinguished from other instruments transferring title to both the life-estate to one person and the remainder interest to another, adverse possession by the widow under her dower will not inure to the benefit of the heirs of the deceased husband, since there is no privity between the widow and such heirs. This is true for the reason that possession under a written claim of right refers to the title under which the claim is asserted, and the prescriptive title that ripens under such color of title takes to itself the incidents of estate and interest attaching to the color of title, and nothing more. Powell on Actions for Land, 463, § 352; *Wallace* v. *Jones*, 93 *Ga.* 419 (4) (21 S. E. 89); *Bazemore* v. *Davis*, 69 *Ga.* 745 (2). As to privity, see 1 Am. Jur. 880, § 152; 2 C. J. S. 686, 687, §§ 129, a, b. Accordingly, in a suit by the daughter of an intestate, claiming a one-tenth interest as his heir, and the remaining interest under deeds from the other heirs, to enjoin an alleged continuous trespass by the defendants, under their claim of title by deeds and prescription adverse to the plaintiffs' intestate, his widow, and his heirs, it was error to charge the jury, in effect, that the controlling question was whether the widow had been in adverse possession under her dower for as much as seven years. The ruling in *Peters* v. *West*, 70 *Ga.* 343 (3), does not run contrary to the principle just stated. There no question of adverse prescriptive title in the widow, inuring to the benefit of her husband's heirs, was involved. The sole question was whether the heirs of the husband and father had shown a presumptive title from the father's possession; and the proof with reference to the widow's possession under her dower was relevant, not as asserting a prescriptive title under her, but as showing that the heirs' right of possession under their father had not been disturbed. See, in this connection, *Brown* v. *Colson*, 41 *Ga.* 42.

4. It was also error to refuse a new trial on the additional ground that the plaintiff failed to prove, as alleged in the chain of written title in her petition, deeds from three of the ten heirs of her intestate father, Roscoe Scales, Mrs. H. L. Turner, and Mrs. W. M. Barrett.

5. No question arises as to whether the decree was erroneous in going be-

yond the verdict, since there was no exception to the decree as rendered, and it is not permissible to raise such a question by a motion for new trial. *Pittman* v. *Pittman*, 196 *Ga.* 397 (26 S. E. 2d, 764), and cit.

6. Under the instruments in evidence, the defendants had conveyed to the plaintiff a 2/10 interest in land described in their deed as the "dower" land; and the judge did not err in charging, in effect, that the defendants did not in any event have more than an 8/10 interest in the disputed tract. This is true because parol testimony will not be permitted to vary a judgment and return of dower by showing an oral understanding between the commissioners, the administrator, and heirs of the decedent, that it was intended to exclude certain land shown by the return to be inside the dower. See an analogous case as to a year's support, *Blackwell* v. *Partridge*, 156 *Ga.* 119 (2, 3), 128 (118 S. E. 739). Also *Wells* v. *Dillard*, 93 *Ga.* 682, 685 (20 S. E. 263).

7. The preceding rulings are controlling as to every question submitted to and passed upon by the court at the trial; and therefore other grounds of the motion for new trial will not be considered.

*Judgment reversed. All the Justices concur.*

No. 14596. JULY 8, 1943.

*Hamilton Kimzey* and *Herbert B. Kimzey,* for plaintiff in error.
*J. B. G. Logan,* contra.