ROWLAND *et al.* v. SUMNER *et al.*

DUCKWORTH, Justice. 1. Where land is conveyed subject to a dowry therein, title passes to the grantee in such conveyance, but the right of possession is postponed until the death of the dowress, at which time the grantee is entitled to possession. *Starr* v. *Newman,* 107 *Ga.* 396 (33 S. E. 427); *Hawkins* v. *Johnson,* 131 *Ga.* 347 (62 S. E. 285); *Fletcher* v. *Hall,* 135 *Ga.* 28 (68 S. E. 793); *Scales* v. *Bellamy,* 196 *Ga.* 412 (26 S. E. 2d, 775).

2. Where the provisions of a deed to land are plain and unambiguous, parol evidence is not admissible for the purpose of showing an intent at variance with the plain terms of the deed. Code, § 38-502; *Blakely Oil*

318

&c. Co. v. Proctor, 134 Ga. 139 (1) (67 S. E. 389); Groover v. Simmons, 152 Ga. 423 (2) (110 S. E. 179).

3. Where the defendants admitted that the administrator's deed relied upon by the petitioners was duly authorized as provided by law, and the terms of the deed show that the title to the land in dispute was thereby conveyed to the petitioners' predecessor in title, and it was sought by the defendants to avoid the effect of the deed by a plea that the same was executed as a result of a mutual mistake, and the grantor in the deed testified as a witness for the defendants upon the trial that he read the deed and fully understood all of its provisions at the time he executed the same, and that he at no time discussed the same with the grantee, the evidence demanded a finding against reformation as prayed by the defendants, and the court did not err, as contended in special ground 2 of the motion for new trial, in excluding evidence at variance with the provisions of the deed. Bonds v. Bonds, 102 Ga. 163 (29 S. E. 218); Dover v. Burns, 186 Ga. 19 (196 S. E. 785); Livingston v. Barnett, 193 Ga. 640 (19 S. E. 2d, 385).

4. The undisputed evidence showing that the title to the land here involved was conveyed to the petitioners' predecessors in title by the administrator's deed, which recited that the conveyance was made subject to a dowry therein, and the administrator testifying that he read such provisions of the deed and fully understood the same at the time it was executed by him, and it being admitted that the dowress was deceased, a verdict in favor of the petitioners, enjoining the defendant from entering upon the land, was demanded. It follows that the court did not err in directing a verdict for the petitioners.

> Judgment affirmed. All the Justices concur.
> No. 15559.    SEPTEMBER 7, 1946.

Stephens & Warnock, for plaintiffs in error.
E. L. Stephens, contra.