41517, 41518.   BENEFIELD v. MALONE; and vice versa.

Argued September 10, 1965—Decided September 30, 1965.

*Ware, Sterne & Griffin, Richard H. Johnston,* for plaintiff in error.

*Gambrell, Harlan, Russell & Moye, Sidney F. Wheeler,* contra.

EBERHARDT, Judge. █ The proof of loss filed by the plaintiff contained the following: "The .insured hereby assigns and transfers to the company any claim or cause of action which the insured now has or may hereafter have to recover against any person or persons for damage resulting from said occurrence and loss above described. . ." As stated by the court when the case was last before it: "Without doubt the language of these paragraphs, if the 'proof of loss' containing them had been accepted by the insurer, would have effectuated an assignment of the cause of action." *Benefield v. Malone,* 110 Ga. App. 607, 613 (139 SE2d 500).

Thus the issue before us is whether the sending of a draft by an agent of the insurer to the insured in the exact amount claimed by the insured in the proof of loss constituted an acceptance on the part of the insurer effectuating an assignment of the cause of action which was outstanding and in effect on the date this case was filed.

The issuance of the draft by the insurer, which was received and used for plaintiff's benefit did constitute an acceptance of the assignment. "An offer may contemplate acceptance by the doing of a proposed act, and in such case, if the act be performed while the offer is in life, a binding contract is effectuated, and the person making the offer must abide by its terms." *Hollingsworth v. Peoples Bank,* 179 Ga. 704, 710 (177 SE 743) ; *Watson v. Atlanta Joint Stock Land Bank,* 56 Ga. App. 10, 11 (192 SE 72). "Such acceptance or assent may be given by a duly authorized agent of the assignee, and may be shown by actions or conduct on the part of the assignee." 6 CJS 1124, Assignments, § 73. The presentment of a check for payment constitutes acceptance of an offer. *Thompson v. Hecht,* 110 Ga. App. 505, 507 (139 SE2d 126).

■ Did the affidavits of Mrs. Benefield and the insurer's vice-president, together with the loan receipt by which the assignment of the cause of action was canceled, all subsequent to the filing of her suit, show the existence of a genuine issue of fact? We think not.

Neither the trial court nor this court is concerned with the credibility of the affidavits—only with the matter of whether they show a genuine issue of fact to exist. *General Gas Corp. v. Carn*, 103 Ga. App. 542 (120 SE2d 156); *Bagley v. Firestone Tire &c. Co.*, 104 Ga. App. 736 (123 SE2d 179); Dempsey v. Langton, 266 Mich. 450 (253 NW 210); Harris v. Fawcett Publications, Inc. (DC, NY) 176 FSupp. 390.

Whether there was an intention of the parties that the cause of action be assigned must be determined from the terms of the contract and the circumstances surrounding its execution. The contract containing the assignment (the proof of loss) is definite, plain and certain. It was in that form when the insurer accepted it and paid the sum claimed, thus completely executing the contract. It therefore evidences a clear intention to assign. Recognizing that there had been an assignment, the parties sought, for a consideration of $1.00, to cancel it after the suit was filed. Now they seek by affidavits, asserting no more than conclusions as to what their intentions were or were not, to take the position that there was never an assignment of the cause of action.

There is certainly no ambiguity in the language used in the proof of loss which Mrs. Benefield submitted to the insurance company, which the company accepted and under which it paid her claim. It is "well settled that no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such an instance, the language used must be afforded its literal meaning and plain ordinary words given their usual significance, and this rule applies equally as well to insurance contracts as to any other contract." *Wolverine Ins. Co. v. Jack Jordan, Inc.*, 213 Ga. 299, 302 (99 SE2d 95), and cases cited. "The terms of the agreement between the parties being unambiguous, the court did not commit error in excluding testimony of the secretary and treas-

urer of the defendant as to what was his intention when sign-ing the agreement with respect to a matter referred to therein." *Blakely Oil &c. Co. v. Proctor & Gamble Co.*, 134 Ga. 139 (67 SE 389). And see *Rowland v. Sumner*, 201 Ga. 317 (2) (39 SE2d 655). Thus the assertions in these affidavits that there was no intention to assign the cause of action, being at complete variance with the plain, unambiguous language of the contract, would not be admissible on a trial of the case. Affidavits in support of or in opposition to motions for summary judgment must "set forth such facts as would be admissible in evidence" on the trial of the case. *Code Ann.* § 110-1205. Since these are mere conclusions and would not be admissible they can and do raise no issue of fact. *Varnadoe v. State Farm &c. Ins. Co.*, 112 Ga. App. 366. And see *Planters Rural Telephone Co-op v. Chance*, 108 Ga. App. 146 (132 SE2d 90); *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766 (115 SE2d 374).

The only issue before the court being that of whether there was an assignment of plaintiff's cause of action outstanding at the time her suit was filed, the court correctly concluded that there was, and the granting of the summary judgment was proper.

Mrs. Malone has submitted no argument or brief of authorities in support of her cross bill of exceptions and it is deemed abandoned.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Nichols, P. J., and Pannell, J., concur.*