**PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,**

v.

**Frank A. SINGER, and Margaret P. Singer, Appellees.**

**No. 17508.**

United States Court of Appeals
Eighth Circuit.

April 22, 1964.

Rehearing Denied May 18, 1964.

J. H. Cunningham, Jr., of Willson, Cunningham & McClellan, St. Louis, Mo., made argument and filed brief.

William J. Becker, Clayton, Mo., made argument for appellee and filed brief with Joseph J. Becker, Clayton, Mo.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Plaintiff Phoenix Assurance Company of New York (Phoenix) brought this declaratory judgment action to establish the invalidity of an arbitration award of $38,500 made upon a fire loss at the home of defendants Frank A. Singer and Margaret P. Singer and to fix the amount of plaintiff's liability on its policy for such fire loss. Defendants filed answer denying that the award was invalid and counterclaimed for judgment for the amount of the award plus interest and further asked for the statutory penalty and attorneys' fees for vexatious delay pursuant to § 375.420 V.A.M.S. Jurisdiction, based upon diversity of citizenship, is established.

After trial to the court without a jury, plaintiff's petition was dismissed and defendants were given judgment upon their counterclaim for the amount of the award, $38,500 plus interest, and for $3850 vexatious delay penalty and for $6,000 attorneys' fees. The findings of fact and conclusions of law are incorporated in Judge Meredith's memorandum

opinion reported at 221 F.Supp. 890. This timely appeal followed.

The validity of the policy sued upon, which was issued on April 1, 1960, effective for three years, is not disputed. Item 1 of said policy provides $40,000 coverage upon the home of the defendants, which is the property involved in this litigation. Other items of the policy give coverage with respect to other property not here involved. The claim here is for fire damage to the house. Liability for such loss is not questioned. The controversy exists only with respect to the amount of damages. The fire occurred on March 15, 1962. Defendants, upon the basis of their architect's estimates, filed proof of loss claiming $38,947.63. Phoenix, upon the basis of a damage estimate it had obtained, fixed the loss at $24,961.-33. The parties being unable to agree upon the amount of damage, plaintiff invoked the arbitration provision of the policy. The parties signed an arbitration agreement, each party appointed an appraiser and the appraisers appointed an umpire. The appraisers and the umpire met and an award was made by defendants' appraiser and the umpire on the form provided by the plaintiff. Under Item 1, actual cash value of the house was fixed at $40,000 and the loss was fixed at $38,500. Upon this appeal, plaintiff makes the following points for reversal:

"I.

"In an appraisal proceeding pursuant to the provisions of a fire insurance policy, an award by the insured's appraiser and the umpire, which made no determination of value and merely made a lump sum determination of the amount of loss, did not comply with the Appraisal Agreement of the parties calling for a determination of value first by the two appraisers, with the umpire settling disputes and requiring an itemized determination of the amount of loss; and such award is void.

"II.

"In an appraisal proceeding pursuant to the provisions of a fire insurance policy calling for the selection of a 'competent and disinterested umpire,' the umpire should be completely impartial, fair and indifferent in feeling between the parties, and an umpire who is then and has been for some time engaged in profitable business dealings with the insured property owner does not meet the requirements of the policy, particularly when such facts were concealed from the insurance company and its appraiser.

"III.

"The Missouri Statute authorizing the imposition of a penalty of ten percent plus attorneys' fees in an action on a policy of insurance where the evidence discloses that the insurer had vexatiously refused to pay the loss, is a highly penal statute which must be strictly construed, and the Missouri law does not permit the recovery of such penalties if the insurer has any reasonable grounds for contesting either liability or the amount of the claim, and such penalty may not be recovered where there is a disputed issue of fact which is determinative of the question or amount of the insured's liability."

■ In actions tried to the court without a jury, Fed.R.Civ.P. 52(a) expressly places the responsibility upon the trial court for resolving fact issues. Such findings cannot be set aside unless clearly erroneous. This court does not try cases de novo. We are not entitled to substitute our judgment for that of the trial court upon doubtful issues of fact. In American Indem. Co. v. Swartz, 8 Cir., 250 F.2d 532, 536, we stated the rules applicable to our present situation as follows:

"Findings of fact of a trial court in a nonjury case should not be set aside unless they are without substantial evidentiary support, unless they are against the clear weight of the evidence, or unless they are induced by an erroneous view of the

law. Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 137; Commercial Standard Insurance Co. v. Maryland Casualty Co., 8 Cir., 248 F.2d 412. The burden is upon the appellant to demonstrate error. To obtain a reversal the appellant must show that the conclusion reached by the trial court as to the interpretation of the contract is irrational, illogical, unsound, or contrary to any local or general law applicable to the interpretation of an insurance contract. Grundeen v. United States Fidelity & Guaranty Co., 8 Cir., 238 F.2d 750, 753."

To like effect see Anthony v. Louisiana & Arkansas Ry., 8 Cir., 316 F.2d 858, 861; Pendergrass v. New York Life Ins. Co., 8 Cir., 181 F.2d 136, 138.

■ All of the issues before us upon appeal were raised, fully considered and adequately answered by Judge Meredith in his reported opinion. The facts are there fairly set out and will not be repeated here. The applicable law is properly stated and applied. We agree with Judge Meredith that the award made upon the form provided by the plaintiff complies with the policy provisions and with the arbitration agreement signed by the parties which requires separately showing actual cash value and loss on each item. We agree that the word "item" refers to items as listed in the policy and not to a detailed specification of all of the minute elements of damage giving rise to the total damage with respect to each item listed on the policy.

The other issues raised are primarily fact issues. Plaintiff has completely failed to demonstrate that Judge Meredith's factual determinations lack substantial evidentiary support or that they are induced by any erroneous view of the law.

The reported opinion clearly shows substantial evidentiary basis for the findings made and such findings support the judgment entered.[1] No purpose will be served by retreading the ground so well covered by Judge Meredith in his reported opinion. We affirm upon the basis of such opinion.

Affirmed.

1. The trial court at p. 896 of 221 F.Supp. states that although he deemed it unnecessary to do so, he took evidence on the merits on the issue of amount of loss and the court states that he fully concurs in the amount of the award. Like the trial court, we are satisfied with the validity of the award and hence need not and do not go beyond approving the award. However, the court's approval of the amount of damages fixed by the award based upon evidence received in the light of plaintiff's request in its complaint that the court fix the amount of liability would appear to afford an alternate basis for the judgment entered.