71491, 71499. DONALDSON v. PILOT LIFE INSURANCE COMPANY; and vice versa.
(341 SE2d 279)

POPE, Judge.

On March 13, 1980 Cecil R. Donaldson fell down some stairs while at work. At the time of the accident, Donaldson had a policy of insurance with Pilot Life Insurance Company (Pilot Life) which provided disability benefits in the event of injury or sickness. Donaldson missed work for approximately one week after his fall, but then returned to limited duty at the behest of his employer. Although unable to perform many of his normal duties, and though he missed a great deal of time, Donaldson continued to work until August 11, 1980. At that time Donaldson was fired because he could not perform all the duties inherent in his job. After his termination Donaldson filed a claim with Pilot Life seeking total disability benefits due to injury.

The pertinent parts of the Pilot Life policy held by Donaldson provide for total disability in the following manner. Total disability is defined in the policy as "the continuous complete inability of the Insured due to injury or sickness to perform any and every duty pertaining to his occupation until Monthly Indemnity has been payable under this Policy during any period of such disability for 24 months

or for the period for which Monthly Indemnity is payable, if less . . . provided that in no event shall 'total disability' exist for any purpose of this Policy during any period in which the Insured is engaged in his or any other gainful occupation." The policy recognizes two different types of total disability, one due to injury and one due to sickness. If the insured is totally disabled due to injury, he receives benefits for five years; if the disability is due to sickness, benefits are paid only for one year. The policy also provides: "If a period of total disability of the Insured due to injury commences while this Policy is in force but more than 60 days after such injury is sustained, such total disability shall, for the purpose of this Policy, be deemed to have been due to sickness."

After consideration of Donaldson's claim, Pilot Life found that the disability resulted more than 60 days after the injury, and began to pay Donaldson under the policy provisions for total disability due to sickness. It refused Donaldson's demand that it pay him the four additional years of benefits provided if the total disability is deemed to be due to injury as defined by the policy. Donaldson then brought this action seeking payment of the additional benefits. Each party moved for summary judgment, and in each case the motion was denied by the trial court. Each party now appeals. *Held*:

"Competent parties are free to choose and insert whatever provisions they desire in a contract, unless prohibited by statute or public policy. While a policy of insurance is to be construed liberally in favor of the object to be accomplished and its provisions construed against the insurer, where a part is susceptible of two constructions, that interpretation will be adopted that is most favorable to the insured. Yet a contract of insurance should follow the cardinal rule of construction so as to carry out the true intention of the parties, and their rights are to be determined by the terms of the contract. Its language should receive a reasonable construction and not be extended beyond what is fairly within its plain terms. Where the language fixing the extent of coverage is unambiguous, as here, and but one reasonable construction is possible, this court must enforce the contract as written. This court has no more right, by a strained construction, to make an insurance policy more beneficial by extending coverage not contracted for, than [it] would have to increase the amount of coverage. In an action to collect on an insurance policy, the insured must show that the occurrence was within the type of risk insured against to make a prima facie case. It is the function of an appellate court to construe the contract as written, and we will not, by construction, create a liability not assumed by the insurer, nor delete a coverage contracted for, and we are not authorized to make a new contract for the parties, or one different from that plainly intended." (Citations and punctuation omitted.) *Fidelity &c. Co. of Md. v. Sun Life Ins. Co.*, 174 Ga. App. 258,

260 (329 SE2d 517) (1985).

We find that the trial court erred in failing to grant summary judgment to Pilot Life. The provisions relating to total disability are unambiguous. The undisputed facts in the record show that Donaldson worked for some five months after his fall. It was only at that point that the consequences of his fall caused him to lose his job. The policy terms are very plain that one must not be able to work at all in order to be considered totally disabled. They also clearly provide that if consequences of injury result in total disability more than 60 days after the injury is suffered, the total disability will be deemed to be due to sickness. Thus, our decision is controlled by the principles set out in *Fidelity &c. Co. v. Sun Life Ins. Co.*, supra. Due to our holding, we need not reach the issue of the policy period of limitation.

*Judgment affirmed in Case No. 71491; reversed in Case No. 71499. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1986.

*O. L. Crumbley, Jr., Charles R. Free*, for appellant.
*William C. Harris, John B. Harris III*, for appellee.