S91A0725. WILLINGHAM v. WILLINGHAM.
(410 SE2d 98)

BELL, Justice.

Appellant John Willingham and appellee Kathryn Willingham were divorced in 1985. The decree awarded custody of their minor child to appellee, and directed appellant to pay periodic child support. On July 1, 1989, the Child Support Guidelines of OCGA § 19-6-15 (b) took effect. In 1990 appellee filed suit to increase the amount of periodic child support, alleging that the enactment of the guidelines was, standing alone, a substantial change in financial circumstances within the meaning of OCGA § 19-6-19 (a). Appellee moved for summary judgment regarding her interpretation of the guidelines. The court granted her motion, ruling that the guidelines' enactment was by itself a substantial change in conditions that would authorize increasing support without any showing of a change in the parties' financial condition or the child's needs, cf. § 19-6-19 (a). The court held that support could be increased even though, according to the trial court, appellant's earnings were substantially less than his earnings when the parties were divorced and there had been no "commensurate substantial increase in the needs of [appellee] or the child."

1. We granted appellant's interlocutory application to consider whether, in an action to modify child support, the enactment of the guidelines constitutes a substantial change in financial circumstances pursuant to § 19-6-19 (a). We now hold that the guidelines' enactment does not satisfy § 19-6-19 (a).

We have held that the guidelines "are the expression of the legislative will regarding the calculation of child support and must be considered by any court setting child support." *Pruitt v. Lindsey,* 261 Ga. 540, 541 (1) (407 SE2d 750) (1991). However, even though the guidelines must be taken into account, we have also held that

the finder of fact is free to apply the guidelines, or to fix child support on the basis of appropriate factors other than those reflected in the guidelines. *The trial court's duty is to allocate resources based upon need and ability to pay.* OCGA § 19-6-1 (c). *That duty is unchanged by the new statute.*

*. . . The statute creates no new duty on the part of the former husband.* Neither does it alter his continuing obligation, which is to provide adequate child support. At the most, the statute offers a computational reference, which the finder of fact may apply if it chooses. [*Walker v. Walker*, 260 Ga. 442, 443 (1) (b), (2) (396 SE2d 235) (1990).]

The key to the present case is *Walker's* holding that the guidelines do not alter the "trial court's duty . . . to allocate resources based upon need and ability to pay." Id. 1 (b). In an action to modify child support, the "computational reference" of § 19-6-15 (b) may be applied only after the finder of fact first finds that the requirements of § 19-6-19 (a) have been satisfied. Accordingly, the trial court in this case erred by determining that the enactment of the guidelines alone was sufficient to justify modifying appellant's support obligation without any threshold showing by appellee of a substantial change in financial circumstances.

2. Appellee contends that applying § 19-6-15 (b) only after the requirements of § 19-6-19 (a) are satisfied denies equal protection under the State and Federal constitutions. However, since appellee secured no ruling by the trial court on this question, nothing is presented for our review.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 14, 1991.

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellant. *Raymond M. Kelley, Jr.,* for appellee.