A04A0603. BROOKSIDE COMMUNITIES, LLC et al. v. LAKE DOW NORTH CORPORATION.

(603 SE2d 31)

Barnes, Judge.

Brookside Communities, LLC ("Brookside"), J. Charles Bussey, Chastain Park Communities, LLC, and Stonemill Homes, LLC (collectively "the defendants"), appeal the denial of their motion for summary judgment on the claims of Lake Dow North Corporation ("Lake Dow North") against them and Brookside appeals the grant of summary judgment to Lake Dow North on its claim against it for contribution under OCGA § 10-7-41. The defendants contend the trial court erred by denying their motion for summary judgment and by granting summary judgment against Brookside because Lake Dow North waived all the claims against them that it has asserted in this case. We agree, and reverse.

This litigation arises from Lake Dow North's guaranty of a bank loan to Brookside and its eventual payment of the balance due with interest when demanded by the bank. Lake Dow North then filed suit against the defendants in four counts: Count 1 sought recovery from Brookside under OCGA § 10-7-41 for the amount Lake Dow North paid to the bank, Count 2 sought recovery from all the defendants for amounts which Lake Dow North alleged they had been unjustly enriched by the proceeds of the loan Lake Dow North guaranteed, Count 3 sought recovery from Brookside for breach of an option agreement, and Count 4 sought recovery from all the defendants for fraud and fraudulent transfers. The defendants answered, and, after discovery, moved for summary judgment on all counts. Lake Dow North moved for summary judgment against Brookside on Count 1 of the complaint.

After a hearing, the superior court granted summary judgment to Lake Dow North on Count 1, and denied the defendants' motion for summary judgment. The court found that Lake Dow North had a statutory right under OCGA § 10-7-41 to recover from Brookside which was not waived by the provision on waiver in the loan guaranty. The trial court also rejected Brookside's assertion that certain oral agreements waived Lake Dow North's claim because this would violate the Statute of Frauds. The trial court denied the defendants' motion for summary judgment because it found that issues of material fact remained. This appeal followed.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions

therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Further, when this court reviews the grant or denial of a motion for summary judgment, we conduct a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). Contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court. *Burns v. Reves*, 217 Ga. App. 316, 318 (1) (457 SE2d 178) (1995).

Applying these principles, the record shows that Brookside obtained a bank loan that Lake Dow North guaranteed. After the loan went into default, Lake Dow North paid off the loan upon the bank's demand. The guaranty executed by Lake Dow North contained the following within its waiver clause:

> I also waive and relinquish all present and future claims, rights, and remedies against borrower or any other obligated party arising out of the creation or my performance of this guaranty. My waiver includes, but is not limited to, the right of contribution, reimbursement, indemnification, subrogation, exoneration, and any right to participate in any claim or remedy you may have against the borrower, collateral, or other party obligated for borrower's debts, whether or not such claim, remedy, or right arises in equity, or under contract, statute, or common law.

The defendants assert that this clause waives any agreement that Lake Dow North might have against them other than the claim in Count 3 for breach of an option agreement that Lake Dow North asserts against Brookside.

As no matter of fact is involved in this case, the construction of the guaranty was a matter of law for the court. OCGA § 13-2-1; *Village Enterprises v. Ga. R. Bank &c. Co.*, 117 Ga. App. 773, 774 (1) (161 SE2d 901) (1968). In this case, the language employed by the parties in the guaranty is plain, unambiguous, and capable of only one reasonable interpretation. *Benefield v. Malone*, 112 Ga. App. 408, 410 (2) (145 SE2d 732) (1965). We find that the trial court erred by denying summary judgment to the defendants because Lake Dow North plainly and unambiguously waived any claims it might have had. "Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract ... unless prohibited by statute or public policy. [Cit.]" *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 129 (1) (358 SE2d 288) (1987). Here, Lake Dow North waived any claim it might have had against the borrower, Brookside.

Moreover, the waiver is very broad and extends claims arising "in equity, or under contract, statute, or common law." This language obviously includes a claim under OCGA § 10-7-41.[1] Because the "borrower" is specifically included in the waiver, and the guaranty was executed to assist Brookside in obtaining the loan, we find no support for the argument that Brookside was not a party to the guaranty.

Accordingly, we find that the trial court erred by denying the defendants' motion for summary judgment, and that the judgment of the trial court must be reversed and the trial court directed to enter judgment in favor of Brookside Communities, LLC, J. Charles Bussey, Chastain Park Communities, LLC, and Stonemill Homes, LLC, on all of Lake Dow North claims except those against Brookside as alleged in Count 3 of the complaint. Further, the grant of summary judgment in favor of Lake Dow North on Count 1 of the complaint must also be reversed.

2. Because we find that the written waiver in the guaranty was sufficient to preclude any claim against the defendants arising from the performance of the guaranty, we need not address the defendants' assertion that oral agreements also waived Lake Dow North's claims against them.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2004 —
RECONSIDERATION DENIED JULY 28, 2004.

*Crumbley & Crumbley, Wade M. Crumbley*, for appellants.
*Friese & Price, Stephanie L. Friese*, for appellee.

---

[1] "Payment by a surety or endorser of a debt past due shall entitle him to proceed immediately against his principal for the sum paid, with interest thereon, and all legal costs to which he may have been subjected by the default of his principal."