McMlLLIAN, Judge,
concurring specially in part and in judgment only and dissenting in part.
1. Pursuant to Court of Appeals Rule 33 (a), I concur specially and in judgment only as to Division 1.
2. I must respectfully dissent from Divisions 2 and 3 of the majority’s opinion because the record demonstrates that the Hendersons failed to prove that they were entitled to recover a bad faith penalty or attorney fees. The Hendersons assert that the trial court erred in granting a JNOV as to their claim for bad faith and attorney fees. Specifically, the Hendersons claim that Georgia Farm Bureau (“GFB”) acted in bad faith because Palacz initially applied an exclusion under the Policy to deny them coverage, a decision that was overruled by his superiors after the Hendersons made a written demand, and because GFB denied additional coverage under the Water Damage Coverage provision of the Policy.
To establish liability for penalties and attorney fees under OCGA § 33-4-6, “the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer’s failure to pay was motivated by bad faith.”
(Citations and punctuation omitted.) Jimenez v. Chicago Title Ins. Co., 310 Ga. App. 9, 11-12 (2) (712 SE2d 531) (2011). “Penalties for bad faith and attorney fees are not authorized where the insurance company has any reasonable ground to contest the claim and where there is a disputed question of fact.” (Citation and punctuation omitted.) Bell v. Liberty Mut. Fire Ins. Co., 319 Ga. App. 302, 307 (3) (734 SE2d 894) (2012). And
[t]he test of bad faith within the meaning of the law in such cases is as of the time of trial, in the final analysis, and not at the time of refusal to pay upon demand. Whatever the facts are at the time of such refusal to pay if at the trial there was a reasonable ground for the insurer to contest the claim there can be no finding against the insurance company for *403 bad faith and attorney’s fees regardless of the outcome of the case.
Decided July 16, 2014.
Tucker Long, John B. Long, for appellants.
Swift, Currie, McGhee & Hiers, Mark T. Dietrichs, Melissa K. Kahren, for appellee.
(Citation and punctuation omitted.) Fortson v. Cotton States Mut. Ins. Co., 168 Ga. App. 155, 158 (1) (308 SE2d 382) (1983). “Since it imposes a penalty, the statute’s requirements are strictly construed.” (Citation and punctuation omitted.) Jimenez, 310 Ga. App. at 12 (2).
Here, although GFB initially refused coverage, it reversed its position within 60 days of the Hendersons’ demand, and after investigating to determine the amount of the Hendersons’ damages, it paid them in excess of their policy limits to cover the full cost of remediation and other documented damage to furniture. Also, a genuine dispute existed as to whether GFB owed any amounts over and above the policy limits under the Mold Coverage provision. I believe that GFB reasonably contested the issue of whether they were required to pay any additional amounts under the Water Damage Coverage provision without proof of water damage separate and apart from mold damage.
Accordingly, I would find that the trial court properly granted a JNOV and summary judgment as to the Hendersons’ bad faith claims.
I am authorized to state that Presiding Judge Andrews and Judge Ray join in this opinion.