Benham, Justice.
*370 This Court granted certiorari in this case to examine whether the Court of Appeals improperly construed OCGA § 16-11-135 (e), which is part of the Business Security and Employee Privacy Act,[1] as granting immunity "from firearm-related tort liability" to an employer who was sued for liability for the allegedly negligent acts of its employee under the theory of respondeat superior, and for the employer's alleged negligent supervision. See Lucas v. Beckman Coulter, Inc. , 339 Ga.App. 73, 75 (1), 793 S.E.2d 119 (2016). For the reasons set forth below we find the Court of Appeals erred, and the case is remanded for consideration of the remaining issues raised by the appellant.
Factual and procedural posture
Appellant Claude Lucas sued appellee Beckman Coulter, Inc. ("BCI") along with BCI's employee Jeremy Wilson for injuries Lucas suffered when Wilson accidentally shot Lucas with a handgun. As more fully set forth in the Court of Appeals' opinion, the accident occurred while Wilson was on the premises of BCI's customer where he had driven his employer-owned vehicle to make a service call. In apparent violation of BCI's policy prohibiting employees from transporting firearms while on company business, Wilson had taken a firearm with him on this service call. When he learned that a number of vehicles in the customer's parking lot had been vandalized in recent days, he removed his gun from the vehicle and took it inside, where he accidentally fired it, injuring Lucas. Lucas filed his complaint, and following discovery, BCI filed a motion for summary judgment. The trial court granted the motion for summary judgment on three grounds: that Wilson's choice to take his firearm onto the client's property was not within the scope of Wilson's employment, and therefore BCI is not liable for these actions under a theory of respondeat superior; that Lucas explicitly abandoned his claims for BCI's negligent supervision; and that OCGA § 16-11-135 (e) barred Lucas's claims against BCI. Lucas appealed, and the Court of Appeals affirmed on the ground that BCI is immune from liability under the facts of this case pursuant to OCGA § 16-11-135 (e). The Court of Appeals found that because it is undisputed that Lucas's injuries and claims "arose out of Wilson's possession and/or use of a firearm," and that "the shooting was not the result of a criminal act by Wilson or BCI," then BCI cannot be held liable due to "the plain language of the statute." Lucas , supra, 339 Ga.App. at 77 (1), 793 S.E.2d 119. The Court of Appeals then concluded that, given this immunity from liability, it did not need to address the remaining claims of error. This Court granted Lucas's petition for a writ of certiorari.
Legal analysis
At the time of the shooting, subsection (e) read as follows:
No employer, property owner, or property owner's agent shall be held liable in any criminal or civil action for damages resulting from or arising out of an occurrence involving the transportation, storage, possession, or use of a firearm, including, but not limited to, the theft of a firearm from an employee's automobile, pursuant to this Code section unless such employer commits a criminal act involving the use of a firearm or unless the employer knew that the person using such firearm would commit such criminal act on the employer's premises. Nothing contained in this Code section shall create a new duty on the part of the employer, property owner, or property owner's agent. An employee at will shall have no greater interest in employment created by this Code section and shall remain an employee at will.
*371 OCGA § 16-11-135 (e) (2010).[2] The Court of Appeals' decision interprets subsection (e) to grant employers immunity from all "firearm-related tort liability" for the acts of its employees. Lucas , supra, 339 Ga.App. at 75 (1), 793 S.E.2d 119. This is erroneous. What is important is that Lucas's complaint sought no damages arising out of "an occurrence involving the transportation, storage, possession, or use of a firearm ... pursuant to this Code section. " This Code section does not, as the Court of Appeals ruled, immunize an employer for all damages arising out of an employee's transportation, storage, possession, or use of a firearm. In interpreting a statute,
we apply the fundamental rules of statutory construction that require us to construe the statute according to its own terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. We must also seek to effectuate the intent of the Georgia legislature. In this regard, in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole.
(Citations and punctuation omitted.) Lyman v. Cellchem International, Inc. , 300 Ga. 475, 796 S.E.2d 255 (2017). To read subsection (e) as providing an employer immunity from all firearm-related tort liability "resulting from or arising out of an occurrence involving the transportation, storage, possession, or use of a firearm ...." would require treating the phrase "pursuant to this Code section" as mere surplusage. Although the Court of Appeals recites the rule that courts must seek to avoid a construction that makes some language of a statute mere surplusage,[3] it goes on to do just that. It concludes that because Lucas's claim arises out of Wilson's possession and/or use of a firearm (and because the shooting was not the result of the employer's criminal act), subsection (e) provides immunity to BCI. Lucas , supra, 339 Ga. App. at 77 (1), 793 S.E.2d 119. The Court of Appeals either ignored the phrase "pursuant to this Code section" or assumed that so long as the alleged damages arise out of one of the acts set forth in subsection (e) (i.e., the transportation, storage, possession, or use of a firearm) then it must necessarily arise out of an act "pursuant to this Code section." That assumption is erroneous.
It is apparent that the intent of subsection (e) is to exempt employers from liability that might arise by complying with the Code section's prohibition against maintaining a policy of searching an employee's own vehicle (or those of guests) on the employer's parking lot[4] or its prohibition against conditioning employment on an employee's agreement not to bring firearms into the parking lot in the employee's own vehicle, even when they are locked out of sight by an employee who possesses a weapons carry license.[5] In this case, the automobile in which Wilson transported the firearm that injured Lucas was not an employee-owned vehicle. Further, Wilson did not enter the employer's parking *372 lot in a vehicle that contained a firearm. This incident did not even occur on the employer's premises, but on the premises of the employer's customer. For these reasons the immunity referenced in subsection (e) does not apply to this case. No support exists for the proposition that this Code section's purpose was to immunize employers from all firearm-related tort liability.[6]
BCI has failed to demonstrate by record evidence that the alleged damages in this case arise out of an "occurrence involving the transportation, storage, possession, or use of a firearm ..., pursuant to this Code section," and Lucas's complaint makes no such allegation. Subsection (e) cannot be construed as providing immunity to this case. At least as alleged in Lucas's complaint, BCI's liability, if any, would not arise "pursuant to this Code section['s]" grant to an employee of the right to be free from a search of the employee's locked vehicle on the employer's parking lot, and to be free from the employer's conditioning employment upon an agreement not to enter the employer's parking lot with a firearm that is locked out of sight within a vehicle when the employee possesses a weapons carry license. Nor would it arise "pursuant to" any other provision in OCGA § 16-11-135.[7] ,[8]
The Court of Appeals' decision is reversed. On remand, the Court of Appeals is instructed to address Lucas's assertion that the trial court erred in granting summary judgment to BCI on his claims of liability under respondeat superior and for negligent supervision.
Judgment reversed and case remanded with direction.
Hines, C.J., Melton, P.J., Hunstein, Nahmias, Blackwell, Boggs, Grant, JJ., and Judge Kathryn McCart Schrader concur. Peterson, J., disqualified.

Ga. L. 2008, p. 1199, § 1.

We note that OCGA § 16-11-135 has twice been amended since the date of the July 10, 2013 incident involved in this case. See Ga. L. 2015, p. 805, § 7/HB 492 and Ga. L. 2016, p. 443, § 13-3/SB 367. Neither of these amendments substantially changed the terms of the statute applied in this case, and for purposes of this opinion when the statute is quoted, we refer to the statute in effect at the time of this incident.

Lucas , supra, 339 Ga. App. at 76 (1), 793 S.E.2d 119.

Subsection (a) of the statute states:
Except as provided in this Code section, no private or public employer, including the state and its political subdivisions, shall establish, maintain, or enforce any policy or rule that has the effect of allowing such employer or its agents to search the locked privately owned vehicles of employees or invited guests on the employer's parking lot and access thereto.

Subsection of the statute (b) states:
Except as provided in this Code section, no private or public employer, including the state and its political subdivisions, shall condition employment upon any agreement by a prospective employee that prohibits an employee from entering the parking lot and access thereto when the employee's privately owned motor vehicle contains a firearm that is locked out of sight within the trunk, glove box, or other enclosed compartment or area within such privately owned motor vehicle, provided that any applicable employees possess a Georgia weapons carry license.

Citing Deal v. Coleman , 294 Ga. 170, 173-174 (1) (a), 751 S.E.2d 337 (2013), BCI urges that applying grammatical rules to the first sentence of subsection (e) requires reading the phrase "pursuant to this Code section" to reference only the immediately preceding antecedent. In this sentence, that would mean "pursuant to this Code section" refers only to the immediately preceding phrase "the theft of a firearm from the employee's automobile." In Deal , this Court noted that the last antecedent rule applies "where no contrary intention appears." (Citation and punctuation omitted.) Id. at 174, 751 S.E.2d 337. And the most recent edition of the treatise cited in Deal states that "[a] qualifying phrase separated from antecedents by a comma [as found in this case] is evidence that the qualifier is supposed to apply to all the antecedents instead of only to the immediately preceding one." 2A Sutherland Statutory Construction § 47.33 (7th ed. 2017 update).

For example, subsection (c) OCGA § 16-11-135 lists exemptions from the requirements of subsection (a), and subsection (d) lists exemptions from the requirements of both subsections (a) and (b). Subsection (f) provides a defense to liability under certain circumstances. The remaining subsections also set forth no basis for a liability claim against the employer in this case.

This is not to say that BCI is necessarily liable to Lucas, but only that the statute does not provide immunity in this case.