**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 6, 2023**

# In the Court of Appeals of Georgia

A22A1198. GEORGIA DEPARTMENT OF TRANSPORTATION
v. WHITE.

MARKLE, Judge.

After the Georgia Department of Transportation (the "DOT" or "Department")
denied James B. White's request for permits to build two full-access commercial
driveways on his property, he filed claims for inverse condemnation and for judicial
review of the DOT's decision, pursuant to the Administrative Procedure Act (the
"APA"). The trial court granted White's motion for partial summary judgment on his
claim for judicial review, thus finding he was entitled to the driveway permits. The
Department now appeals, contending that the trial court erred because the APA does
not apply to its driveway permitting decision, and thus there was no waiver of its

sovereign immunity as to this claim. We agree, and therefore reverse the trial court's judgment, and remand the case for further proceedings.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant of a motion for summary judgment, this Court conducts a de novo review of the law, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Dashtpeyma v. Walker*, 359 Ga. App. 644 (859 SE2d 799) (2021).

So viewed, the record shows that White owned a tract of land, with four residential driveways, along state route 42/16 in Jackson. Because White intended to sell a portion of the property for commercial use, he sought permits from the DOT for two full-access commercial driveways.[1] Although it appears that White did not submit a formal application for the permits, he submitted development concept plans for the project. In response, a district manager sent White an e-mail, stating that the DOT "is in agreement to permit two driveways along SR16/42 . . . . contingent upon site plans

---

[1] A "full-access driveway" enables a driver to turn either left or right onto the adjacent road.

being submitted for the imminent development of the property . . . . per the process outlined on the []DOT website."

Based on this representation, White entered into a contract with a developer to sell the property for $465,000, contingent upon the DOT's issuance of the permits for the two full-access commercial driveways. However, when the developer submitted the site plans to the DOT, showing the same configuration of the driveways as the initial concept plans, the DOT refused to issue the permits. Consequently, the developer notified White of its intent to terminate the sales contract.

White then sent a letter to the DOT's district engineer, seeking review of the matter. The district engineer responded, reiterating the Department's rejection of the site plans due to "safety impacts," but indicating that it was willing to consider the addition of two commercial driveways if one was limited to entry and exit in a single direction.

White sued the DOT, seeking judicial review of its decision under OCGA § 50-13-19 of the APA, and asserting an alternative claim for inverse condemnation. He then moved for partial summary judgment on his claim for judicial review, contending that the DOT's refusal to grant the driveway permits was arbitrary and capricious. Following a hearing, the trial court granted the motion and reversed the

3

DOT's decision, thus finding that White was entitled to permits for the two full-access driveways. We granted the DOT's subsequent application for discretionary review, and this appeal followed.

1. In related enumerations of error, the DOT argues that the trial court erred in finding the decision to deny the driveway permits was subject to review under OCGA § 50-13-19 (a), and thus there was no waiver of the Department's sovereign immunity as to the claim for judicial review. Because we conclude the trial court misinterpreted the plain language of OCGA § 50-13-19 (a), we reverse.

"[T]he applicability of sovereign immunity is a threshold determination, and, if it does apply, a court lacks jurisdiction over the case and, concomitantly, lacks authority to decide the merits of a claim that is barred." *McConnell v. Dept. of Labor*, 302 Ga. 18, 19 (805 SE2d 79) (2017). The party asserting the waiver bears the burden of establishing it. *Ga. Dept. of Labor v. RTT Assocs.*, 299 Ga. 78, 81 (1) (786 SE2d 840) (2016).

The Georgia Constitution decrees that the sovereign immunity of the state and its agencies "may be waived only as provided by . . . an act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of such waiver." (Citations and punctuation omitted.) *Beasley v. Ga. Dept. of Corrections*,

4

360 Ga. App. 33, 35 (861 SE2d 106) (2021); see Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). As is relevant here, OCGA § 50-13-19 provides for judicial review of administrative decisions in certain circumstances. Accordingly, our review of whether the DOT's decision is subject to OCGA § 50-13-19 — and, thus whether the Act provides for a waiver of the Department's sovereign immunity in this instance — depends on the relevant statutory provisions.

> Tasked with interpreting statutory language, we necessarily begin our analysis with familiar and binding canons of construction. Indeed, in considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. And toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. In summary, when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly.

(Citations and punctuation omitted.) *Monumedia II v. Dept. of Transp.*, 343 Ga. App. 49, 51-52 (1) (806 SE2d 215) (2017).

OCGA § 50-13-19 (a) provides, in pertinent part: "Any person who has exhausted all administrative remedies available within the agency and who is

5

aggrieved by a final decision *in a contested case* is entitled to judicial review under this chapter." (Emphasis supplied.) The APA defines the term "contested case" as "a proceeding, including, but not restricted to, rate making, price fixing, and licensing, in which the legal rights, duties, or privileges of a party are *required by law to be determined by an agency after an opportunity for hearing*." (Emphasis supplied.) OCGA § 50-13-2 (2). Reading these sections in concert, a claimant is entitled to judicial review of an agency decision only if the agency is mandated by law to provide an opportunity for a hearing. *Welcker v. Ga. Bd. of Examiners of Psychologists*, 340 Ga. App. 853, 856 (2) (798 SE2d 368) (2017).

But the permitting process at issue provides no such opportunity for a hearing. OCGA § 32-6-131 requires a permit for the construction or alteration of a commercial highway. OCGA § 32-6-133 (a) authorizes the DOT to "promulgate uniform and reasonable regulations . . . [that] specify among other things the circumstances under which commercial driveway permits may be issued or revoked, provided that such regulations shall not deprive the landowner of reasonable access to the public road on the state highway system." Notably, neither statute provides for a hearing.

White has not pointed to, nor have we found, any other statute or Department regulation entitling him to a hearing on this issue. Compare OCGA § 32-6-95

6

(expressly providing that the APA applies to the DOT's decisions regarding outdoor advertising signs). Rather, the record, including the DOT's driveway regulations, shows that commercial driveway permits are subject to review only by the DOT's district operations manager and district engineer without provision for a hearing.[2] As such, the DOT's denial of White's driveway permits does not amount to a "contested case" under the APA. See *Welcker*, 340 Ga. App. at 856 (2); OCGA §§ 50-13-19 (a); 50-13-2 (2).

To find otherwise would vitiate certain provisions of the APA, such as those requiring the agency to provide reasonable notice for the administrative hearing, to develop the administrative record, and to transmit it to the superior court on judicial review, none of which occurred here. OCGA §§ 50-13-13 (a) (1), (8); 50-13-19 (e). Our rules of statutory construction prohibit such an interpretation. See *Monumedia II*, 343 Ga. App. at 51-52 (1); see also *Lucas v. Beckman Coulter, Inc.*, 303 Ga. 261,

---

[2] White contends that the parties stipulated to an informal process in lieu of a hearing, presumably to bring his case within the purview of OCGA § 50-13-13 (4). That section provides, "[u]nless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default[.]" However, there is no such stipulation in the record, and White fails to show that he was entitled to a hearing — and thus that this matter is a "contested case" — in the first place. *See Welcker*, 340 Ga. App. at 856 (2); OCGA § 50-13-2 (2).

263 (811 SE2d 369) (2018) (appellate court must consider "the entire scheme of the statute" and "avoid a construction that makes some language mere surplusage.") (citation omitted).

Because OCGA § 50-13-19 did not apply to the permitting process at issue here, the DOT never waived its sovereign immunity as to White's claim for judicial review.[3] See *Beasley*, 360 Ga. App. at 35. Accordingly, we reverse the trial court's judgment.

2. After granting summary judgment on White's claim for judicial review, the trial court entered two "final orders." In these orders, the trial court declared White's alternative claim for inverse condemnation moot given its prior reversal of the DOT's decision. In light of our conclusion, supra, the inverse condemnation claim is not

---

[3] In his appellate brief, White contends that his claim for judicial review would also be viable as a petition for mandamus, and we should, therefore, affirm the trial court's order as "right for any reason." However, he never brought a mandamus claim below. As such, we do not consider this argument on appeal. See *Ga.-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) ("A grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, *so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond*.") (citation and punctuation omitted; emphasis in original).

moot.[4] Therefore, we are obliged to reverse these "final orders," and we remand the case to the trial court for proceedings consistent with this opinion. See *Empire South Realty Advisors v. Younan*, Case No. A22A1256, ___ Ga. App. ___ (2) (___ SE2D ___ (2)), 2023 WL 228057, at *3 (2023).

---

[4] The trial court expressed concern that White's procedural due process rights would be violated if he were not afforded an opportunity for judicial review under OCGA § 50-13-19. However, the trial court's concern was founded on White's belief that he may not have properly stated a claim for inverse condemnation under these facts, an issue on which the trial court made no express ruling. But see *Five Forks v. Dept. of Transp*., 250 Ga. App. 157, 159 (550 SE2d 715) (2001) (suggesting that a claim for inverse condemnation may arise from the denial of driveway permits). As such, this issue is not properly before us in this appeal. See *Bell v. Liberty Mut. Fire Ins. Co.*, 319 Ga. App. 302, 307 (3) (734 SE2d 894) (2012) (no basis for appellate review where trial court did not rule on the issue). We further note that White stated no claims for due process violations. In any event, his inverse condemnation claim is still pending and provides an adequate state remedy to quell any due process concerns. See *Schumacher v. City of Roswell*, 344 Ga. App. 135, 139 (809 SE2d 262) (2017) (Under both the federal and Georgia Constitutions, "the focus of the procedural due process analysis is whether the state makes adequate procedures available — not whether the plaintiff takes advantage of those procedures and achieves a successful outcome.") (citations and punctuation omitted); see also *Bd. of Commrs. of Effingham County v. Farmer*, 228 Ga. App. 819, 823 (1) (493 SE2d 21) (1997) (writ of certiorari proceeding was adequate judicial remedy precluding § 1983 claim).

3. In light of our decision in Division 1, we do not reach the DOT's remaining arguments.

*Judgment reversed, and case remanded with direction. Dillard, P. J., and Mercier, J., concur.*